384 So.2d 171 (1980)
Carola D. ALLEN, Appellant,
v.
ESTATE OF Ellen C. DUTTON et al., Appellees.
Nos. 79-398/T4-417, 79-1010/T4-417A.
District Court of Appeal of Florida, Fifth District.
May 7, 1980.
Rehearing Denied June 12, 1980.
*172 Ernest J. Rice of Ernest J. Rice, P.A., Orlando, for appellant.
Leon H. Handley, David W. Roquemore and Francis E. Pierce, III, Orlando, for appellees.
Russell Troutman of Troutman, Parrish & Kanar, P.A., Winter Park, for appellee J. Thomas Gurney, individually.
ORFINGER, Judge.
This appeal is from a final judgment on the pleadings in favor of appellees denying appellant's claim against the decedent's estate and awarding attorney's fees to appellees under section 57.105, Florida Statutes (Supp. 1978).
Appellant is the natural daughter of Harry C. Dutton and the stepdaughter of Ellen C. Dutton. Harry C. Dutton predeceased his wife in March, 1971, leaving a substantial estate to be disposed of under the terms of his will dated May 27, 1969. After certain bequests, the residue of the estate was divided into two trusts, the Ellen C. Dutton Trust (for marital deduction purposes) and the Dutton Family Trust, of which latter trust appellant was a substantial beneficiary. Under the terms of her husband's will, Ellen was granted the right in her will to appoint the corpus of the Ellen C. Dutton Trust, failing which on her death the remaining assets therein would be added to the Dutton Family Trust. Ellen's will also executed on May 27, 1969, before the same witnesses, contained a provision specifically declining to exercise that power of appointment. After Harry's death, Ellen executed a new will on June 22, 1971, in which she specifically exercised the power of appointment given to her in Harry's will, but did not appoint to appellant. Ellen died on April 15, 1978, and her 1971 will was admitted to probate.
Within the time for filing claims, appellant filed a claim in Ellen's estate, alleging that she was a beneficiary of a contract existing between Harry and Ellen and incorporated into their respective wills, whereby they agreed that the assets of Harry's estate would be ultimately disposed of in accordance with the wills executed on May 27, 1969; that Ellen affirmed the contract by taking under Harry's will and that she breached the contract by her will of June 22, 1971. Objection to the claim was duly filed, whereupon the instant action followed.
After appellant filed her amended complaint, alleging substantially the facts aforesaid, appellees filed their answer, denying the existence of an agreement, and alleging that any such agreement would have to be in writing, relying on section 731.051, Florida Statutes (1957),[1] and then moved for judgment on the pleadings. The court denied the motion, but concluding that the amended complaint was defective in that it did not allege a written agreement not to revoke the 1969 wills, and finding that there was nothing in the wills themselves to indicate the existence of an agreement, granted appellant twenty days to amend her complaint to allege such written agreement or suffer the entry of a judgment on the pleadings. Plaintiff amended, but did not allege a written agreement; instead, she attached a succession of wills previously executed by Harry and Ellen, each outlining a testamentary plan similar to the plan evidenced by the 1969 wills, and contended that these wills were evidence of the agreement. Answer was filed to the second amended complaint and a renewed motion for judgment on the pleadings was filed. After hearing, the court entered judgment on the pleadings on the original motion because appellant had not amended as required. Subsequently, the final judgment was modified to award to appellee's attorneys the sum of $23,000 *173 under the provisions of section 57.105, Florida Statutes, (Supp. 1978).[2]
Several questions are raised by the appellant, but in the light of our decision here, only two need be addressed: (1) was the trial court correct in entering judgment on the pleadings because appellant did not allege a written agreement not to revoke the will, and (2) was the trial court correct in awarding to appellees attorney's fees under section 57.105, Florida Statutes (Supp. 1978)?
To determine the correctness of the judgment on the pleadings for appellees, we must determine if an oral agreement not to revoke a will was valid after the effective date of section 731.051, Florida Statutes (1957).[3] Prior to the adoption of the 1957 statute, oral contracts to make a will were valid. Keith v. Culp, 111 So.2d 278 (Fla. 1st DCA), cert. denied 114 So.2d 5 (1959). The 1957 statute clearly requires that contracts to make a will or to give a legacy or to make a devise be in writing, signed and witnessed to be enforceable. Appellant contends that since the statute is silent as to contracts not to revoke a will, such contracts need not be in writing. She thus contends that a contract to make a will is independent of a contract not to revoke the same will. We cannot agree. In Keith v. Culp, supra, the court touched on this subject and pointed out that where a contract to make a will exists, it is not the will which is irrevocable, but the contract. It further held that a contract to make a will was enforceable, even though a provision "not to revoke" it was not included in its terms. Inferentially at least, it held that within a contract to make a will was the implied covenant not to revoke it. This point, however, has never been ruled on directly, but is mentioned as dictum in several cases. Hagan v. Laragione, 170 So.2d 69 (Fla.2d DCA 1964); Laragione v. Hagan, 195 So.2d 246 (Fla.2d DCA); rev'd 205 So.2d 289 (1967). As in many cases dealing with the subject, the issues in the Hagan series was not a breach of the agreement to make a will, but a violation of an alleged contract between spouses not to change, alter or revoke it without the consent of the other spouse.
It seems to us that as part and parcel of a contract to make a will is a covenant that the testament will remain in effect at the death of the testator so that property will be disposed of in accordance therewith. Would a contract "to make wills" be fulfilled if a contracting party executed a will one day and revoked it the next? We think not. We quote with approval and adopt the reasoning of the Supreme Judicial Court of Massachusetts in West v. Day, 328 Mass. 381, 103 N.E.2d 813 (1952) where, in accordance with an oral agreement to make a will in behalf of certain beneficiaries the will was made, but later was altered and then revoked. A statute then in effect, much like the one here, required a contract to make a will to be in writing, but was silent as to agreements not to revoke. The court there held:
The plaintiffs contend however, that although the statute operates on an oral promise to make a will, it does not affect an oral promise not to revoke a will... In California, which has a statute similar to ours, it has been decided in several cases that a promise not to revoke a will is within the statute. In Cazaurang v. Carrey, 117 Cal. App. 511, 514, 4 P.2d 259, 261, it was said, "Whether an agreement be to make a will or whether it be not to revoke one already made, the essence of the agreement is to have a will in existence at the time of the death of the *174 promisor which designates the promisee as a beneficiary in accordance with the agreement." In either case the agreement "is one to make a provision by will" and is covered by the statute. In De Mattos v. McGovern, 25 Cal. App.2d 429, 432, 77 P.2d 522, 523, it was held that "An agreement not to revoke a will already made is, in effect, the same as an agreement to make a will, and must also be in writing"
.....
We think that these decisions are right.
.....
A contract to make a will means an effectual will, Emery v. Burbank, 163 Mass. 326, 329, 39 N.E. 1026, 28 L.R.A. 57, that is, a will that will dispose of property upon death. Necessarily such a contract implies a promise on the part of the one who is to make the will that he will leave at his death a will which has not been revoked. A promise not to revoke when made in express terms is no less within the statute than an implied promise of similar import. .. . Id. at 816.
Since the wills attached to the pleadings do not by their terms indicate the existence of an agreement not to revoke, the presence of which might be sufficient to satisfy the statute, Weiss v. Storm, 126 So.2d 295 (Fla. 1st DCA 1961), a separate written agreement not to revoke was required under the statute. No such written agreement being alleged or attached, the court was correct in entering judgment on the pleadings.
This leaves us with the problem of determining the correctness of the award of attorney's fees under section 57.105, Florida Statutes (Supp. 1978), and a chronology of the events following the entry of the final judgment is needed for a full understanding of the issues. Final judgment for defendant was entered January 25, 1979. Notice of appeal was filed February 15, 1979. On April 19, 1979, the trial court entered an order amending the judgment to tax costs, and therein awarded the attorney's fees in question. This order was corrected on April 25, 1979, to reduce certain cost items awarded in error. Appellant contends that the trial court lost jurisdiction to award attorney's fees once the notice of appeal was filed, so that it did not have power to enter the order of April 19, 1979.
Ordinarily a trial court lacks jurisdiction to award attorney's fees after a party has filed a notice of appeal from a final judgment, without first obtaining permission from the appellate court. Wilson Realty, Inc., v. David, 369 So.2d 75 (Fla.2d DCA 1979); Rule 9.600(b), Fla.R.App.P. However, it has been held that the trial court may proceed to award costs not included in the final judgment even after a notice appealing the final judgment has been filed. Roberts v. Askew, 260 So.2d 492 (Fla. 1972); 3 Fla.Jur.2d, Appellate Review, § 131. Attorney's fees are properly costs in a case only when made so by statute. State ex rel. Royal Insurance Company v. Barrs, 87 Fla. 168, 99 So. 668 (1924); Giachetti v. Johnson, 308 So.2d 143 (Fla.2d DCA 1975). Cf. McBain v. Bowling, 374 So.2d 75 (Fla.3d DCA 1979). The Legislature in enacting chapter 78-275, Laws of Florida (Supp. 1978) clearly promulgated a new section to be known as section 57.105, Florida Statutes. The heading of chapter 57 in the statute books is "Court Costs." By specifically incorporating this new provision for attorney's fees into chapter 57, it is obvious that the Legislature intended to treat this award as part of the only subject matter therein, court costs. We therefore hold that attorney's fees when properly awarded under section 57.105, Florida Statutes (Supp. 1978), may be awarded as part of court costs.
We turn next to the propriety in this case of the award of attorney's fees under this new law. To entitle a party to a award of attorney's fees under section 57.105, Florida Statutes (1978), the court must find that there was a "complete absence of a justiciable issue of either law or fact raised by the losing party." To determine what is required to invoke this statute we must determine what the Legislature meant and what factors must guide trial courts in deciding to assess fees under it.
*175 Appellee would have us hold that if the court finds the non-existence of a justiciable issue of fact or the non-existence of a justiciable issue of law, the award of fees is proper. If we were to accept that interpretation, then any party prevailing in a summary judgment hearing would be entitled to such award, and similarly a party whose pleadings were finally dismissed for failure to state a cause of action or who suffered a judgment on the pleadings would be subject to the assessment of such fees. We do not believe the Legislature intended that result, because had they so intended, they could have provided for the award of fees where the court found that there is no justiciable issue of fact or law, or they could have required a finding of an absence of such justiciable issue, but they did neither. Instead, they required a finding of a complete absence of a justiciable issue of law or fact. The word "complete" is defined as "total; absolute," Webster's New Collegiate Dictionary (1979), while the word "absence" is defined as "want; lack of." Id. at 4. The requirement then is a finding of a total or absolute lack of a justiciable issue, and to us, this is tantamount to a finding that the action is frivolous.
"Frivolous" is defined as "of little weight or importance; having no basis in law or fact; light, slight, sham, irrelevant, superficial." Webster's Third New International Dictionary (1976). The definition of "frivolous appeal" is most analogous to the situation at hand and a clear definition is found in Treat v. State ex rel. Mitton, 121 Fla. 509, 163 So. 883 (1935):
A frivolous appeal is not merely one that is likely to be unsuccessful. It is one that is so readily recognizable as devoid of merit on the face of the record that there is little, if any, prospect whatsoever that it can ever succeed. (citation omitted). It must be one so clearly untenable, or the insufficiency of which is so manifest on a bare inspection of the record and assignments of error, that its character may be determined without argument or research. An appeal is not frivolous where a substantial justiciable question can be spelled out of it, or from any part of it, even though such question is unlikely to be decided other than as the lower court decided it, i.e., against appellant or plaintiff in error.
On the basis of these definitions, in order to find a "complete absence of a justiciable issue of either law or fact" we hold that a trial court must find that the action is so clearly devoid of merit both on the facts and the law as to be completely untenable. Merely losing, either on the pleadings or by summary judgment, is not enough to invoke the operation of the statute. Although appellant was wrong, it is clear from this opinion on the merits that a justiciable issue of law was raised, one that clearly was not frivolous. The trial court therefore erred in assessing attorney's fees against the appellant under section 57.105, Florida Statutes (Supp. 1978).
The final judgment is affirmed. That portion of the amendment to judgment taxing costs entered April 19, 1979, as corrected by the order of April 25, 1979, and awarding "costs" of $1,069.32 is affirmed, appellant having failed to demonstrate error in this award, but the award of attorney's fees therein is set aside.
AFFIRMED in part, REVERSED in part.
COBB and UPCHURCH, JJ., concur.
NOTES
[1] § 731.051 (1957): No agreement to make a will of real or personal property or to give a legacy or to make a devise shall be binding or enforceable unless such agreement is in writing, signed in the presence of two subscribing witnesses by the person whose executor or administrator is sought to be charged.
[2] § 57.105 (1978): Attorney's fee. The court shall award a reasonable attorney's fee to the prevailing party in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party.
[3] Under the current probate code, section 732.701, Florida Statutes (1975), it is clear that an agreement not to revoke a will must be in writing and signed by the agreeing party in the presence of two attesting witnesses, but this statute was not in effect at the time the will in question was executed.