391 So.2d 697 (1980)
T.I.E. COMMUNICATIONS, INC., Appellant,
v.
TOYOTA MOTORS CENTER, INC., a Florida Corporation a/k/a Expressway Toyota, Appellee.
No. 80-456.
District Court of Appeal of Florida, Third District.
December 2, 1980.
Rehearing Denied January 16, 1981.
*698 Walters, Costanzo, Miller, Russell & Dittmar, Miami, for appellant.
Amy Shield Levine, George & Thompson, Miami, for appellee.
Before BARKDULL, SCHWARTZ and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
We affirm the trial court's denial of the motion to vacate a default filed by T.I.E. Communications, Inc. and the final judgment in favor of Toyota Motors Center, Inc. upon a holding that the trial court was indisputably correct in refusing to vacate the default, where (a) default was entered more than a year after T.I.E. was served with the complaint; (b) Toyota's motion for default was filed only after written advice to T.I.E. that it intended to move for default unless T.I.E. responded to the complaint, which T.I.E. obdurately chose not to do[1]; (c) T.I.E.'s ore tenus motion to vacate the default was made on the date the trial was scheduled to commence, 140 days after the default was entered against it; and (d) T.I.E.'s motion, in the form of a statement by its trial counsel, even viewed most favorably to it, was no more than an admission of total disregard of the lawsuit on the part of T.I.E.'s house counsel.
It is quite obvious that T.I.E. did not show excusable neglect and was not entitled to have the default set aside.[2]The Cricket Club, Inc. v. Basso, 384 So.2d 908 (Fla. 3d DCA 1980); B/G Amusements, Inc. v. Mystery Fun House, Inc., 381 So.2d 318 (Fla. 5th DCA 1980); Schwab & Co., Inc. v. Breezy Bay, Inc., 360 So.2d 117 (Fla. 3d DCA 1978). Moreover, an ore tenus motion made at trial is insufficient to vacate a default, Dade County v. Lambert, 334 So.2d 844 (Fla. 3d DCA 1976), and unsupported and undocumented representations of counsel regarding the failure of his client to respond are insufficient to justify setting aside the default. Williams v. Stack, 366 So.2d 872 (Fla. 4th DCA 1979).
Ordinarily, we would conclude our opinion here. We go on, however, to consider Toyota's request for an award of attorneys' fees on this appeal under Section 57.105, Florida Statutes (1979). That section provides:
"The court shall award a reasonable attorney's fee to the prevailing party in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party."[3]
It has been held that a "complete absence of a justiciable issue" is the equivalent of frivolousness. Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA 1980). We agree with Allen that the statute should be so construed, since we are concerned that any less stringent predicate for the recovery of attorneys' fees would have a chilling effect on parties who, for example, may unsuccessfully attempt to raise questions of first impression and may deter the future growth of the law by exacting a price for today's unavailing efforts seeking its change. Having sounded this caveat to prevailing parties in general, we turn to the case at hand.
*699 The appeal taken by T.I.E. has no saving grace. T.I.E.'s brief tells us, in essence, that it is the policy of Florida courts to exercise liberality in vacating defaults and to favor decisions on the merits,[4] that a predicate for a motion to set aside a default is excusable neglect, and that its neglect falls within the framework of Florida's decisional law. In our view, T.I.E.'s position on appeal is that every default should be vacated merely upon application, no matter how derelict the defendant, no matter when the application is made, and no matter what the form of the motion. This is clearly frivolous.
"A frivolous appeal is not merely one that is likely to be unsuccessful. It is one that is so readily recognizable as devoid of merit on the face of the record that there is little, if any, prospect whatsoever that it can ever succeed. [citation omitted]. It must be one so clearly untenable, or the insufficiency of which is so manifest on a bare inspection of the record and assignments of error, that its character may be determined without argument or research. An appeal is not frivolous where a substantial justiciable question can be spelled out of it, or from any part of it, even though such question is unlikely to be decided other than as the lower court decided it, i.e., against appellant or plaintiff in error." Treat v. State ex rel. Mitton, 121 Fla. 509, 163 So. 883 (1935).
Accordingly, we grant Toyota's motion for attorneys' fees and order that T.I.E. pay to Toyota an attorney's fee in the amount of $2,500.
The judgment in favor of Toyota is
Affirmed.
NOTES
[1] Even at the time it moved to vacate the default, T.I.E. did not attempt to file a written answer to the complaint.
[2] Our holding makes it unnecessary to consider whether T.I.E. had meritorious defenses to the action.
[3] Although the statute does not specifically authorize attorneys' fees on appeal, Section 59.46, Florida Statutes (1979), when read in conjunction with Section 57.105, authorizes such fees. See also Department of Revenue v. Gurtler, 381 So.2d 242 (Fla. 4th DCA 1979).
[4] It is interesting to note that T.I.E.'s sole point on appeal concerns the trial court's failure to set aside the default. T.I.E. participated in the jury trial on damages and makes no complaint about the conduct of that trial.