396 So.2d 1187 (1981)
CITY OF DEERFIELD BEACH, Appellant,
v.
OLIVER-HOFFMAN CORPORATION OF DEERFIELD BEACH, Appellee.
No. 80-582.
District Court of Appeal of Florida, Fourth District.
April 15, 1981.
Rehearing Denied May 6, 1981.
G. Carlton Marlowe, Fort Lauderdale, for appellant.
F. Kendall Slinkman, West Palm Beach, for appellee.
SCHWARTZ, ALAN R., Associate Judge.
The sole point on appeal challenges the trial court's award of attorney's fees under Section 57.105, Florida Statutes (1979). We reverse upon the holding that the position asserted by the appellant-city below, while held to be erroneous on the merits,[1] was not frivolous  that is, entirely *1188 devoid of even arguable substance  as is required to invoke the statute. See Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA 1980); compare T.I.E. Communications, Inc. v. Toyota Motor Center, Inc., 391 So.2d 697 (Fla. 3d DCA 1980); Hernandez v. Leiva, 391 So.2d 292 (Fla. 3d DCA 1980). Indeed, as in Denes and Denes & Associates, Inc. v. Walter E. Heller & Co., 396 So.2d 760 (Fla. 3d DCA 1981), the existence of a "justiciable issue of law or fact," precluding the applicability of the statute, was affirmatively demonstrated by the court's denial of a motion for summary judgment against the city on the ground that the issues could be properly resolved only by trial. Cf., White v. The Montebello Corp., 397 So.2d 326 (Fla. 5th DCA 1981).[2] While the statute serves a salutary purpose indeed, it may not properly be extended to every case and every unsuccessful litigant. See, Allen v. Estate of Dutton, supra, at 175. ("Merely losing ... is not enough to invoke the operation of the statute.") Since the rigorous statutory prerequisites which insure against any such result were not met here, the order under review is
REVERSED.
BERANEK and HERSEY, JJ., concur.
NOTES
[1] The city had cleared the appellee's lot and imposed a lien for the expenses pursuant to a municipal code provision which permits this to be done if the property is in an unsightly or unsanitary condition. The primary issue below was whether the lot was in fact in a state to justify the city's action. On this question, the evidence at the trial was conflicting and disputed.
[2] We do not suggest that the denial of a summary judgment motion alone and invariably requires denial of fees under Sec. 57.105. If, for example, the showing in opposition to the motion is presented in bad faith, the statute may well be appropriately applied. While the appellee argues otherwise, we find that no such conduct or its equivalent was involved in this case.