410 So.2d 501 (1982)
Steven WHITTEN, a Minor, and Leland Whitten, Appellant,
v.
PROGRESSIVE CASUALTY INSURANCE CO., a Foreign Corporation, Appellees.
Nos. 57709, 59022.
Supreme Court of Florida.
February 18, 1982.
*502 Nolan Carter, Orlando, for appellants.
John L. Sewell, Francis E. Pierce, III and Ronald L. Harrop of Gurney, Gurney & Handley, Orlando, for appellees.
ADKINS, Justice.
This appeal presents two causes consolidated for review on the Court's own motion. Fla.R.App.P. 9.040(a). The Circuit Court of the Ninth Judicial Circuit, Orange County, upheld the constitutionality of section 57.105, Florida Statutes (1979), thereby giving this Court jurisdiction under article V, section 3(b)(1), Florida Constitution (1972). The rest of the case was transferred from the Fifth District Court of Appeal pursuant to Florida Rule of Appellate Procedure 9.040(b).
On July 15, 1977, appellant Steven Whitten, a minor, received serious injuries in a *503 traffic accident caused by the negligence of another driver. Whitten was operating a motorcycle borrowed from Roy V. Eloranta, a minor, and insured by appellee Progressive Casualty Insurance Company. Appellant settled his claim against the tortfeasor's insurer for $15,000, the entire amount of the liability insurance policy. Steven and his father, Leland Whitten, then sought additional compensation from uninsured vehicle coverage by suing Progressive together with their own insurer, Nationwide Mutual Insurance Company.
The Progressive Casualty Motorcycle Insurance application form listed Jack R. Eloranta as the applicant and Roy V. Eloranta as the principal operator. The form also contained a "Notice of Rejection of Uninsured Motorists Coverage" signed by Jack Eloranta. The motorcycle insurance policy, which was issued to Jack R. Eloranta as the named insured, included the word "Rejected" next to the uninsured motorist coverage.
The Circuit Court for Orange County granted Progressive's motion for summary judgment and motion to tax costs including statutory attorney's fees. Appellants bring this appeal from the final order of the trial court ruling section 57.105, Florida Statutes (1979), constitutional.
The first issue concerns the effectiveness of Jack Eloranta's rejection of uninsured motorist coverage under section 627.727, Florida Statutes (1977).
Appellants claim that the rejection by Jack Eloranta was invalid as a matter of law. They argue that Roy Eloranta, as principal operator of the motorcycle, should have been listed as a named insured and given the right to reject uninsured motorist coverage. In the alternative, they seek jury resolution of the question whether Roy should have been a named insured on his father's policy.
Appellee Progressive contends that Jack Eloranta was the proper person to reject the uninsured motorist coverage. Progressive argues that his rejection was binding on any additional insureds under the policy.
Section 627.727(1), Florida Statutes (1977), reads in part:
No automobile liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom. However, the coverage required under this section shall not be applicable when, or to the extent that, any insured named in the policy shall reject the coverage.

(Emphasis added).
This statute provides that the appropriate party to reject uninsured motorist coverage is the named insured, not the principal or other operator of the motor vehicle. The policy issued by Progressive included a signed rejection of uninsured motorist coverage by Jack Eloranta, the insured named in the policy. His valid rejection was binding on Roy and any additional insureds named in the policy.
Other courts have reached similar conclusions in resolving this issue. In United States Fidelity and Guaranty Co. v. Williams, 375 So.2d 328 (Fla. 1st DCA 1979), cert. denied, 386 So.2d 642 (Fla. 1980), uninsured motorist coverage was rejected by the named insured, the mother of the decedent. According to the district court, "[a]lthough appellee's decedent was rated on the policy as the sole operator of the insured vehicle, this did not make her a `named insured' for purposes of uninsured motorist coverage under the terms of the policy or under section 627.727, Florida Statutes (1977)." Id. at 329. Applied to the present case, Roy Eloranta's status as the principal operator would not make him a named insured for the purpose of rejecting uninsured motorist coverage.
*504 Continental Insurance Co. v. Roth, 388 So.2d 617 (Fla.3d DCA 1980), found the father's rejection of uninsured motorist coverage binding on his son, even though the son was included as a named insured on the policy. The court held "that any named insured, as the statute says, may reject uninsured motorist coverage for all insureds  named or additional." Id. at 618 (emphasis in original). Therefore, it would make no difference whether Roy Eloranta should have been a named insured on the Progressive policy. His failure to reject the uninsured motorist coverage would not affect the valid rejection signed by Jack Eloranta, the named insured.
The decision of the named insured accepting or rejecting uninsured motorist coverage is binding on any additional insureds under the policy. Lancaster Oil Co., Inc. v. Hartford Accident & Indemnity Co., 486 F. Supp. 399 (N.D.Fla. 1980) (selection of lesser coverage by president of insured corporation applies to employees driving company cars); Travelers Insurance Co. v. Bartoszewica, 404 So.2d 1053 (Fla. 1981) (declaration of corporation as named insured of personal injury protection insurance policy does not include employees as named insureds); Del Prado v. Liberty Mutual Insurance Co., 400 So.2d 115 (Fla. 4th DCA 1981) (employee as permissive user of insured vehicle cannot complain of deficiencies regarding rejection of uninsured motorist coverage by employer corporation as named insured); Maxwell v. United States Fidelity and Guaranty Co., 399 So.2d 1051 (Fla. 1st DCA June 16, 1981) (Ervin, J., specially of fleet vehicle must be considered bound by rejection of uninsured motorist coverage by insured employer); Mattingly v. Liberty Mutual Insurance Co., 363 So.2d 147 (Fla. 4th DCA 1978), cert. denied, 370 So.2d 460 (Fla. 1979) (selection of lower amounts by automobile manufacturer as named insured covers lessees of motor vehicles); Glover v. Aetna Insurance Co., 363 So.2d 12 (Fla. 1st DCA 1978) (rejection of uninsured motorist insurance by president of insured employer extends to employees operating company's commercial vehicles); Kohly v. Royal Indemnity Co., 190 So.2d 819 (Fla.3d DCA 1966), cert. denied, 200 So.2d 813 (Fla. 1967) (rejection of uninsured motorist coverage by automobile rental agency as named insured binds renters of cars). As the named insured in the Progressive policy, Jack Eloranta alone had the authority to reject or accept uninsured motorist coverage in amounts less than liability limits.
The circuit court correctly granted a summary judgment in favor of Progressive by determining as a matter of law that the policy did not include uninsured motorist coverage.
Appellants next challenge the assessment of attorney's fees against them pursuant to section 57.105, Florida Statutes (1979), which provides:
Attorney's fee.  The court shall award a reasonable attorney's fee to the prevailing party in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party.
Appellants maintain that the above statute impinges upon this Court's procedural rulemaking authority under article V, section 2, Florida Constitution (1972). To the contrary, an award of attorney's fees is a matter of substantive law properly under the aegis of the legislature. See Estate of Hampton v. Fairchild  Florida Construction Co., 341 So.2d 759 (Fla. 1976); Campbell v. Maze, 339 So.2d 202 (Fla. 1976); Rivera v. Deauville Hotel, Employers Service Corp., 277 So.2d 265 (Fla. 1973); Codomo v. Emanuel, 91 So.2d 653 (Fla. 1956); State ex rel. Royal Ins. Co. v. Barrs, 87 Fla. 168, 99 So. 668 (1924).
This Court accordingly affirms the decision of the trial court declaring section 57.105, Florida Statutes (1979), constitutional.
Appellants' final contention pertains to the propriety of the award of attorney's fees under this statute based on the facts below.
This case affords the first opportunity for the Court to review the assessment of *505 attorney's fees pursuant to section 57.105, Florida Statutes (1979). Several recent district court decisions interpreting the statute have provided useful standards and guidelines to assist trial courts in awarding legal fees.
Statutes authorizing an award of attorney's fees are in derogation of the common law. Therefore, such statutes must be strictly construed. Kittel v. Kittel, 210 So.2d 1 (Fla. 1968).
As a prerequisite to an award of attorney's fees under section 57.105, the court must find "a complete absence of a justiciable issue of either law or fact raised by the losing party." Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA 1980), interpreted this phrase to mean a total or absolute lack of a justiciable issue, which is tantamount to a finding that the action is frivolous. The district court held that "a trial court must find that the action is so clearly devoid of merit both on the facts and the law as to be completely untenable." Id. at 175 (emphasis in original). See Trexler v. Fiat Motor Co., 400 So.2d 1320 (Fla. 5th DCA 1981); Executive Centers of America, Inc. v. Durability Seating & Interiors, Inc., 402 So.2d 24 (Fla.3d DCA 1981); Buckner v. Allergan Pharmaceuticals, Inc., 400 So.2d 820 (Fla. 5th DCA 1981); Braden River Civic Association v. Manatee County, 403 So.2d 1007 (Fla.2d DCA 1981); Kisling v. Wooldridge, 397 So.2d 747 (Fla. 5th DCA 1981); Sachs v. Hoglund, 397 So.2d 447 (Fla.3d DCA 1981); White v. Montebello Corp., 397 So.2d 326 (Fla. 5th DCA 1981); City of Deerfield Beach v. Oliver-Hoffman Corp., 396 So.2d 1187 (Fla. 4th DCA 1981); Denes & Denes & Associates, Inc. v. Walter E. Heller & Co., 396 So.2d 760 (Fla.3d DCA 1981); T.I.E. Communications, Inc. v. Toyota Motors Center, Inc., 391 So.2d 697 (Fla.3d DCA 1980); Hernandez v. Leiva, 391 So.2d 292 (Fla.3d DCA 1980); Love v. Jacobson, 390 So.2d 782 (Fla.3d DCA 1980).
The holdings of Allen v. Estate of Dutton and these later cases comport with the intent of the legislature in adopting the statute. See Note, Attorney's Fees: Florida Statute 57.105, 5 Nova L.J. 89 (1980), and sources cited therein. A trial court's finding of a complete lack of a justiciable issue is justified in cases where the attempt to create a controversy is frivolous. Hernandez v. Leiva, 391 So.2d at 295. The language of section 57.105 is analogous to this Court's definition of a frivolous appeal found in Treat v. State ex rel. Mitton, 121 Fla. 509, 510-11, 163 So. 883, 883-84 (1935):
A frivolous appeal is not merely one that is likely to be unsuccessful. It is one that is so readily recognizable as devoid of merit on the face of the record that there is little, if any, prospect whatsoever that it can ever succeed. It must be one so clearly untenable, or the insufficiency of which is so manifest on a bare inspection of the record and assignments of error, that its character may be determined without argument or research. An appeal is not frivolous where a substantial justiciable question can be spelled out of it, or from any part of it, even though such question is unlikely to be decided other than as the lower court decided it, i.e., against appellant or plaintiff in error.
(Citation and footnote omitted.)
The purpose of section 57.105 is to discourage baseless claims, stonewall defenses and sham appeals in civil litigation by placing a price tag through attorney's fees awards on losing parties who engage in these activities. Such frivolous litigation constitutes a reckless waste of judicial resources as well as the time and money of prevailing litigants. Sachs v. Hoglund, 397 So.2d at 448. See also Executive Centers of America, Inc. v. Durability Seating & Interiors, Inc.; Parkway General Hospital, Inc. v. Stern, 400 So.2d 166 (Fla.3d DCA 1981); T.I.E. Communications, Inc. v. Toyota Motors Center, Inc.; Hernandez v. Leiva.
While the statute serves a salutory purpose, it may not be extended to every case and every unsuccessful litigant. City of Deerfield Beach v. Oliver-Hoffman Corp., 396 So.2d at 1188. Not every party that prevails in a motion for summary judgment, motion to dismiss for failure to state *506 a cause of action, judgment on the pleadings, evidentiary hearing or trial is automatically entitled to attorney's fees under section 57.105. Hernandez v. Leiva, 391 So.2d at 294. See also Executive Centers of America, Inc. v. Durability Seating & Interiors, Inc.; Denes & Denes & Associates, Inc. v. Walter E. Heller & Co.; Allen v. Estate of Dutton; MacBain v. Bowling, 374 So.2d 75 (Fla.3d DCA 1979). Merely losing, either on the pleadings or by summary judgment, is not enough to invoke the operation of the statute. City of Deerfield Beach v. Oliver-Hoffman Corp., 396 So.2d at 1188; Allen v. Estate of Dutton, 384 So.2d at 175.
In this case, the trial judge granted a summary judgment and awarded attorney's fees in favor of appellee. A summary judgment is rendered upon a showing that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fla.R. Civ.P. 1.510(c). This standard is not equivalent to the finding of frivolousness required by section 57.105 for an award of attorney's fees.
The position asserted by appellants was erroneous on the merits. However, their claims were not frivolous or entirely devoid of even arguable substance. Since a justiciable issue of law was raised, the trial court should not have assessed attorney's fees against appellants. Trexler v. Fiat Motor Co.; Buckner v. Allergan Pharmaceuticals, Inc.; Parkway General Hospital, Inc. v. Stern; Braden River Civic Association v. Manatee County; Appenfeldt v. Quinn; City of Deerfield Beach v. Oliver-Hoffman Corp.; Denes & Denes & Associates, Inc. v. Walter E. Heller & Co.; Hernandez v. Leiva; Allen v. Estate of Dutton.
The statute provides that a party is entitled to an award of attorney's fees only when the court determines that there was a complete absence of a justiciable issue raised by the losing party. Without such a finding, an order assessing attorney's fees is technically deficient and must be reversed. Allen v. Estate of Dutton, 394 So.2d 132, 135 (Fla. 5th DCA 1980); City of Miami Beach v. Town of Bay Harbor Islands, 380 So.2d 1112, 1113 (Fla.3d DCA 1980); but see Autorico, Inc. v. Government Employees Insurance Co., 398 So.2d 485, 488 (Fla.3d DCA 1981).
The order under review is technically deficient because it contains no finding by the circuit court regarding a complete absence of a justiciable issue. The statutory requirements of section 57.105 were not met in this case.
Therefore, this Court affirms the trial court's entry of summary judgment but reverses the order awarding attorney's fees pursuant to section 57.105, Florida Statutes (1979).
SUNDBERG, C.J., and BOYD, OVERTON, ALDERMAN and McDONALD, JJ., concur.