414 So.2d 260 (1982)
Florence GREENBERG, Individually, and As Personal Representative of the Estate of Jerome Greenberg, Appellant,
v.
MANOR PINES REALTY CORPORATION, et al., Appellees.
No. 81-1308.
District Court of Appeal of Florida, Fourth District.
May 19, 1982.
William P. Jacobson, West Palm Beach, for appellant.
Jan A. Yelen and David Yelen of Yelen & Yelen, P.A., Coral Gables, for appellee-Associated Health Plans, Inc.
OWEN, WILLIAM C., Jr. (Retired) Associate Judge.
Appellants sued four defendants, one of whom, (appellee) after obtaining summary judgment in its favor, was awarded attorneys fees under Section 57.105, Florida Statutes (1979). The issue here is whether the court erred in finding that [as to appellee] there was a complete absence of a justiciable issue of either law or fact.
Plaintiff's amended complaint (in the count relevant to this issue) alleged that she was the beneficiary of a group life insurance policy which insured the life of her deceased husband, that appellee, Associated Health Plans, Inc., as the administrator of the group policy, was responsible for making payment of the policy proceeds for and on behalf of the defendant insurer, and that both appellee and the insurer had refused payment. In due course it was established through discovery and affidavits that (1) plaintiff's husband, for whom premiums had been paid, did not qualify as an insured under the policy definition, and (2) appellee, while the administrator of a group health insurance policy, was not the administrator of the group life insurance plan and was not authorized to act in that capacity. On the basis of these facts the court entered a summary judgment in favor of all defendants, which on appeal, was affirmed as to the insurer and as to the administrator. 404 So.2d 126. When the mandate went *261 down, the trial court then awarded attorneys' fees to the administrator, which order is the subject of this appeal.
The touchstone to an award of attorneys' fees under Section 57.105, Florida Statutes (1979), is a justified determination that the action is so clearly devoid of merit, both on the facts and the law as to render the action frivolous. See, e.g., Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla. 1982); City of Deerfield Beach v. Oliver-Hoffman Corp. of Deerfield Beach, 396 So.2d 1187 (Fla. 4th DCA 1981); T.I.E. Communication v. Toyota Motors, 391 So.2d 697 (Fla. 3d DCA 1980); and Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA 1980). While the trial court did, indeed, find a complete absence of a justiciable issue of either law or fact, we think that this finding was not justified on the facts of this case.
In the initial pleading stages, and until it was established to the contrary by subsequent discovery, there were justiciable issues as to (1) whether plaintiff's husband qualified as an insured under the policy definition, and (2) whether appellee administrator, which in fact received and forwarded to the insurer the claim for death benefits, was the administrator of the group life insurance policy with authority to pay or deny claims under the policy. These issues were in due course established adversely to plaintiff's assertions. That fact, however, is not enough to invoke the operation of the statute. City of Deerfield Beach v. Oliver-Hoffman Corp., supra.
Appellee contends that, even if there were justiciable issues of law or fact at the time the action was initiated, the plaintiff at some point during the course of the trial proceedings became aware that she could not factually sustain the issues and, thus, (appellee argues) from that point onward plaintiff's conduct in pursuing the action was necessarily frivolous. We do not decide here whether the course of litigation may be divided into non-frivolous and frivolous segments for the purpose of applying the statute to the latter. Assuming the viability of such a concept, it is apparent that in this case there was no appreciable imposition on either the court or counsel subsequent to that point in the course of the litigation where it could be said fairly that the case was no longer sustainable on either the law or the facts.
The order appealed is reversed.
DOWNEY and HERSEY, JJ., concur.