424 So.2d 78 (1982)
Samuel M. PUDER, Appellant,
v.
RAYMOND INTERNATIONAL BUILDERS, INC., Appellee.
Nos. 80-2128, 80-2129.
District Court of Appeal of Florida, Third District.
December 14, 1982.
Rehearing Denied January 21, 1983.
Peters, Pickle, Flynn, Niemoeller, Stieglitz & Downs, Jeanne Heyward, Miami, for appellant.
Magill, Reid, Kuvin & Lewis and R. Fred Lewis, Miami, for appellee.
Before HENDRY, DANIEL S. PEARSON and JORGENSON, JJ.
HENDRY, Judge.
Appellant Samuel Puder, plaintiff/counter-defendant/third party plaintiff below, appeals from orders awarding attorney's fees and costs to Raymond International (Raymond). We affirm.
The instant appeal arises out of a suit filed by Puder to recover payment for architectural services rendered in connection with construction of the Flagler Center Building. The building owner counterclaimed for breach of contract and negligence for design and construction defects and Puder filed a second amended third party complaint seeking indemnity and contribution from Raymond, a subcontractor on the project. Raymond's motions for summary judgment were denied, and the cause proceeded to trial. Following presentation of all the evidence, Puder voluntarily dismissed his third party action against Raymond. The court below then granted Raymond's motions for costs, and attorney's fees pursuant to section 57.105, Florida Statutes (1979). Appeals from the orders were consolidated by this court.[1]
Our review of the record leads us to agree with the trial court's finding that there was a complete absence of a justiciable issue of law or fact raised with regard to Puder's claims against Raymond, thus entitling Raymond to attorney's fees under section 57.105. The basis for our holding is that (1) Puder had no valid claim for contribution from Raymond since Raymond had previously settled its obligations via a mechanics' lien action and there was no evidence of bad faith in connection with the *79 settlement, Metropolitan Dade County Transit Authority v. Simmons, 375 So.2d 858 (Fla. 3d DCA 1979), cert. denied, 386 So.2d 639 (Fla. 1980); Seaboard Coast Line Railroad Co. v. Gordon, 328 So.2d 206 (Fla. 1st DCA 1976); (2) the legal relationship between Puder and Raymond would not support an indemnity claim and, in addition, there was no evidence that Raymond, the potential indemnitor, was negligent, Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla. 1979); General Portland Land Development Co. v. Stevens, 395 So.2d 1296 (Fla. 4th DCA 1981); Walter Taft Bradshaw & Associates v. Bedsole, 374 So.2d 644 (Fla. 4th DCA 1979); see generally Krestow v. Wooster, 360 So.2d 32 (Fla. 3d DCA 1978); (3) Puder ultimately dismissed all claims against Raymond after failing to present any evidence of Raymond's negligence or bad faith in connection with the settlement, see MacBain v. Bowling, 374 So.2d 75 (Fla. 3d DCA 1979); (4) the attempt to create a controversy was frivolous as Raymond was brought into the lawsuit solely for tactical purposes, see Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla. 1982); T.I.E. Communications, Inc. v. Toyota Motors Center, Inc., 391 So.2d 697 (Fla. 3d DCA 1980); and (5) the trial court's denial of Raymond's motion for summary judgment is insufficient to demonstrate a justiciable issue of law or fact, see White v. Montebello Corp., 397 So.2d 326 (Fla. 5th DCA 1981); City of Deerfield Beach v. Oliver-Hoffman Corporation of Deerfield Beach, 396 So.2d 1187, 1188 n. 2 (Fla. 4th DCA), petition for review denied, 407 So.2d 1104 (Fla. 1981).
Affirmed.
NOTES
[1] A second consolidated appeal was taken by Puder from subsequent orders entering final judgment for other third party defendants, taxing their costs against him, and denying his motion to tax costs against Flagler Center. See Puder v. Revitz, 424 So.2d 76 (Fla. 3d DCA 1982).