CAMPBELL, Judge.
This appeal is an outgrowth of the same proceeding in the trial court that resulted in our decision of this same date also styled Williams v. Stewart, 424 So.2d 204 (Fla. 2d DCA 1983). We suggest reference to that decision for a full discussion of the facts involved here.
In this appeal, appellants seek reversal of the trial court’s award of attorney’s fees to appellee pursuant to section 57.105, Florida Statutes (1981). That statute, of course, provides that a court shall award a prevailing party reasonable attorney’s fees in a civil action in which the court finds a complete absence of a justiciable issue of either law or fact. Our supreme court in Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla.1982), has construed that statute to justify a trial court’s finding of a complete lack of a justiciable issue where the attempt to create a controversy is frivolous. The court there said:
The purpose of section 57.105 is to discourage baseless claims, stonewall defenses and sham appeals in civil litigation by placing a price tag through attorney’s fees awards on losing parties who engage in these activities. Such frivolous litigation constitutes a reckless waste of judicial resources as well as the time and money of prevailing litigants.
410 So.2d at 505. In this cause, appellee initiated the proceeding by filing his complaint seeking return of a deposit on a contract for the purchase of real property. The trial court awarded attorney’s fees on a finding of a lack of a justiciable issue of law regarding appellants’ counterclaim. The essence of this counterclaim was that appellee had refused to perform the con *207 tract, thereby breaching an implied agreement that he would perform, and therefore causing damages in the loss of the real estate commission appellants would have received had appellee performed. While Florida does not recognize a cause of action based upon that theory and those facts, as we pointed out in our companion decision, other jurisdictions do. See Ellsworth Dobbs, Inc. v. Johnson, 50 N.J. 528, 236 A.2d 843 (1967).
We do not believe that the effect of the supreme court’s decision in Whitten was meant to allow an award of attorney’s fees in a case such as this where a counterclaim was involved which grew out of the contract which was the subject matter of the underlying complaint. We, therefore, REVERSE and REMAND.
OTT, C.J., and BOARDMAN, J., concur.