440 So.2d 28 (1983)
Ian STEVENSON and London Motors, Ltd., Appellants,
v.
Gary RUTHERFORD and Classic Roadsters, Ltd., Etc., Appellees.
No. 82-2021.
District Court of Appeal of Florida, Fourth District.
November 3, 1983.
Daniel S. Mandel of Law Offices of Fred C. Bamman, III, P.A., Pompano Beach, for appellants.
Bruce G. Shaffner of Shaffner & Shaffner, P.A., Fort Lauderdale, for appellees.
GLICKSTEIN, Judge.
The general manager of a corporate automobile dealer made a written statement, identifying Gary Rutherford as having made a defamatory statement applying a wide range of colorful epithets to the dealer's principal, whereupon the dealer and its principal sued Rutherford and the latter's employing automobile dealer. When the general manager's deposition was taken, he was shown Mr. Rutherford's photograph; and it became clear that whoever had laid down the barrage of verbiage historically associated with bell bottoms was not the individual identified in the written statement. The plaintiffs' trial counsel then beat a propitious, hasty retreat but used an incorrect address in notifying his client, which misaddress was  as is usual when one pleading contains such an inaccuracy  in part thereafter repeated by others involved. The trial court awarded summary judgment to defendants and also awarded them attorney's fees pursuant to Section *29 57.105, Florida Statutes (1981). We reverse the award of attorney's fees.
The purpose of Section 57.105, Florida Statutes (1981), as it pertains to the instant case, is to discourage baseless claims, by attaching a cost to their pursuit. Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501, 505 (Fla. 1982). The policy is not to cast a chilling effect on use of the courts, but to discourage unwarranted controversy. Castaway Lounge of Bay County, Inc. v. Reid, 411 So.2d 282 (Fla. 1st DCA 1982). Here the claim did not initially appear baseless, and appellants' time table for voluntary dismissal is not inordinately drawn out in light of intervening events.[1]
In Greenberg v. Manor Pines Realty Corporation, 414 So.2d 260 (Fla. 4th DCA 1982) this court found that there were justiciable issues until discovery established otherwise. This court would not accept appellee's contention that award of attorney's fees was appropriate because following discovery the cause became frivolous. This court chose not to decide whether segmentation of the course of an action into non-frivolous and frivolous periods was permissible for the purpose of applying Section 57.105, but held that even if that could be done "there was no appreciable imposition on either the court or counsel" after the nonjusticiability became apparent. Id. at 261. The present case sufficiently resembles Greenberg to demand a similar result.
Appellees argue in part that appellants' dismissal of their action should be a factor in support of award of attorney's fees. They cite Puder v. Raymond International Builders, 424 So.2d 78 (Fla. 3d DCA 1982). However, as this court pointed out in Angora Enterprises v. Condominium Association of Lakeside Village, Inc., 432 So.2d 792 (Fla. 4th DCA 1983) appellant's dismissal of their claim against appellees is not significant to the issue of attorney's fees. It is clear also that the facts of the present case do not fit the other element appellees cite from Puder  creation of a controversy far from appellees' residence solely for tactical purposes, the basis of which is not a part of the record.
Perhaps someday lawyers will regularly have psychics on their payroll capable of determining whether witnesses really know what they're talking about. Until then, in a case such as this, Section 57.105 should not be employed as if absolute verification was available prior to suit.
HURLEY and WALDEN, JJ., concur.
NOTES
[1] Plaintiff Stevenson resides in Michigan. It became clear that defendant Rutherford was not the alleged defamer when the plaintiffs' sole witness to the defamation was deposed on August 25, 1981. Plaintiffs' attorney's motion to withdraw, filed within the month, was heard and granted by court order on October 15, 1981. The plaintiffs' copy of this order was misaddressed. The plaintiffs' voluntary dismissal, dated December 22, 1981, appears to have arrived at the court on December 28, 1981 but was filed on the same day the court rendered summary judgment in favor of the defendants, January 4, 1982.