450 So.2d 570 (1984)
George BULL, Appellant,
v.
CITY OF ATLANTIC BEACH, Etc., et al., Appellees.
No. AU-22.
District Court of Appeal of Florida, First District.
May 11, 1984.
*571 Tyrie A. Boyer of Boyer, Tanzler & Boyer, Jacksonville, for appellant.
Patrick A. Carr and Claude L. Mullis, Jacksonville, for appellees.
MILLS, Judge.
We are asked to reverse the trial court's order awarding attorney's fees pursuant to Section 57.105, Florida Statutes (1981). We think the awards unsupportable and therefore reverse.
Bull brought suit against the City of Atlantic Beach alleging that he, as a taxpayer, was being damaged by the City's contract with Walter J. Parks for Parks' architectural and engineering services. Bull contended Parks' employment violated the Consultants' Competitive Negotiation Act, Section 287.055, Florida Statutes (1981).
With his Second Amended Complaint, Bull named the individual city commissioners (Van Ness, Morris, Cook, and Gulliford), City Manager/Finance Director Moss, and Parks as additional defendants. *572 The relief sought was: (1) a declaratory judgment that Parks was employed illegally; (2) an injunction against the city commissioners and the city manager/finance director preventing them from paying Parks; and (3) reimbursement to the City by the commissioners and city manager/finance director of funds already paid Parks.
The trial court found the Second Amended Complaint failed to state a cause of action against the individual defendants. The order of dismissal gave Bull ten days to attempt to state a cause of action and provided that if no attempt was made, the Second Amended Complaint was dismissed as to the individual defendants with prejudice. Bull filed nothing within ten days, but afterward unsuccessfully sought leave to attempt, once again, to state a cause of action against the individual defendants. Bull subsequently filed a Third Amended Complaint against the City only.
The individual defendants filed motions to tax attorney's fees against Bull pursuant to Section 57.105. After a hearing, the trial court, finding Bull had not raised a justiciable issue of either law or fact against the individual defendants, granted the motions. The trial court awarded an aggregate fee of $600 to Van Ness, Morris, Cook, and Moss who were represented by City Attorney Jensen. Gulliford, represented by a private attorney, was awarded a $400 fee.
An award of attorney's fees pursuant to Section 57.105 is only proper if there is a complete absence of a justiciable issue of either law or fact raised by the losing party. This means a claim so devoid of merit that it is frivolous. Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla. 1982); Castaway Lounge of Bay County, Inc. v. Reid, 411 So.2d 282 (Fla. 1st DCA 1982). Although we do not assess the propriety of the trial court's dismissal of Bull's suit against the individual defendants, as that issue is not before us, we do find the cause of action against the individual defendants was not frivolous.
Appellees argue that Bull, as a taxpayer, did not have standing to sue. It may be that standing to bring a taxpayer's suit requires an allegation of special injury or a constitutional challenge. Godheim v. City of Tampa, 426 So.2d 1084 (Fla. 2d DCA 1983). But a plausible argument can be made to the contrary. Godheim, 426 So.2d at 1092 (Lehan, J., dissenting). If the trial court awarded attorney's fees because it believed Bull had no standing to bring a taxpayer's action, the effect was to penalize Bull for maintaining a suit based on an honestly debatable question of law. This, we cannot condone.
Appellees also argue they are immune from personal liability absent a proper allegation of tortious conduct. Therefore, they contend Bull's suit against them necessarily lacked a justiciable issue. The Second Amended Complaint, however, not only sought monetary reimbursement to the City, but also declaratory and injunctive relief to which tort immunity does not apply.
It is not necessary to reach the other issues raised by Bull.
REVERSED.
SMITH and NIMMONS, JJ., concur.