PER CURIAM.
The appellant association sued appellee homeowners for injunctive relief contending that in constructing an additional room and garage on their townhouse appellees had violated certain restrictions in the declaration of covenants and the declaration of party facilities for the Sims Creek development. At the close of appellant’s case the trial court granted appellees’ motion for an involuntary dismissal of the complaint. Appellate review of that order was voluntarily dismissed. Thereafter, upon motion the trial court granted appellees an attorney’s fee pursuant to Section 57.105, Florida Statutes. Appellant seeks review of that order. We reverse.
The thrust of appellant’s argument seems to be that it set forth a cause of action in its amended complaint. Therefore, simply because it failed to carry its burden of proof does not mean there were no justiciable issues presented. We agree.
This was a townhouse development and while the dedication is woefully inadequate it appears quite evident that additions to exterior walls may have been intended to be forbidden.
The operative phrase in the restrictions was the statement that the exterior walls were not to be “defaced.” Whether this would preclude additions results in, at a minimum, a claim not “entirely devoid of even arguable substance.” Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501, 506 (Fla.1982).
REVERSED AND REMANDED.
ANSTEAD, C.J., and DOWNEY and LETTS, JJ., concur.