GLICKSTEIN, Judge.
This is an appeal from a final judgment based upon a jury verdict in favor of two appellees and a post-verdict award of attorney’s fees to the remaining appellee. We reverse all of the awards and remand the matter for retrial on the merits. The trial court is free to consider any amendments to the parties’ pleadings, as it considers appropriate, should amendments be sought prior to retrial. We direct, however, that prior to retrial the parties be ordered to present to the trial court a complete pretrial stipulation reciting clearly the issues to be tried, the witnesses to be called and the exhibits to be introduced. The error here occurred, in our judgment, because of the absence of such order.
The most serious of the errors which occasion this opinion lies in the addition of Mr. Barnes, a witness not disclosed on ap-pellees’ witness list prior to trial, and in inclusion of an issue as a result of his testimony that could well have affected the outcome.
The candor of appellees’ counsel at oral argument in acknowledging the possibility of such harm was complimentary to him as we realize there was no order of the trial court which required such witness list. Nevertheless, the list was furnished, on which Mr. Barnes’ name did not appear; and at trial the undisclosed witness suggested a theory of damages upon which the jury may well have based its verdict. In these circumstances appellees should not have been permitted to amend at the close of the evidence to seek such damages.
*463 The other error which could be viewed as harmful was in the trial court’s instructions on the “fraud of the buyer” and “course of conduct,” when the issues as pled did not warrant same.
The only other matter which warrants comment relating to the conduct of the trial is the introduction of the printout, but this problem will obviously be corrected by the trial court’s order prior to retrial.
As for the attorney’s fees awarded to Mrs. Crider, there is no legal justification for the award. See Greenberg v. Manor Pines Realty Corp., 414 So.2d 260 (Fla. 4th DCA 1982), and Klein v. Layne, Inc. of Florida, 453 So.2d 203 (Fla. 4th DCA 1984). Accordingly, the order must be reversed.
ANSTEAD, C.J., and GOLDMAN, MURRAY, Associate Judge, concur.