PER CURIAM.
The appellant claims attorney’s fees based upon section 57.105, Florida Statutes (1983). In following the supreme court’s decision in Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla.1981), we affirm the trial court’s rejection of the appellant’s claim.
Although the question of whether an alleged defamation of a group of people is juridically cognizable has not been passed upon by a Florida court, it is not so free of doubt as to render the libel claim frivolous with a resultant entitlement to attorney’s fee. See, e.g., Fawcett Publications, Inc. v. Morris, 377 P.2d 42 (Okla.S.Ct.1962). Costs, however, are authorized under Rule 1.420(d) of the Florida Rules of Civil Procedure, which provides for their recovery in the circumstance where, as here, a plaintiff voluntarily dismisses the action. Thus, the trial court erred in denying the appellant’s motion for costs.
Affirmed in part, reversed in part.
RYDER, C.J., and OTT and FRANK, JJ„ concur.