PER CURIAM.
We affirm the judgments and orders of the trial court in all respects but one. We find no error in the trial court’s action in directing verdicts for the appellees upon the trial of the multiple intentional tort actions brought by the appellant, Robert L. Hall, arising out of his prior arrest on charges that were eventually dismissed. However, we reverse the award of attorney’s fees under Section 57.105, Florida Statutes (1983).
Upon the evidence presented the trial court found that probable cause for the arrest of Hall was established as a matter of law and that the proof also failed on each claim with reference to the allegations of willfulness, malice or intent. We find no harmful error in the trial court’s exclusion of the testimony of appellant’s police procedures expert on the issue of probable cause, because we believe the evidence supports the trial court’s ruling on the probable cause issue notwithstanding the expert’s opinion. In other words, under the facts of this case the trial judge was obligated to grant the motions for directed verdict because the relevant facts pertaining to certain essential elements of the alleged torts were not in dispute. Cf City of Pensacola v. Owens, 369 So.2d 328 (Fla. 1979).
We disapprove of the trial court’s award of attorney’s fees to appellees under section 57.105 because we do not believe the circumstances here meet the strict test laid down in the case law to justify such awards. Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla.1982) and Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA 1980).
Accordingly, we affirm in all respects except that we direct the trial court to vacate the attorney’s fees award in accord with the above opinion.
ANSTEAD, J., BARKETT, ROSEMARY, and HURLEY, DANIEL T.K., Associate Judges, concur.