PER CURIAM.
This appeal is brought from an order of the trial court awarding fees to Mrs. Kap-pitt pursuant to section 57.105, Florida Statutes (1987), after dismissal of Summit’s complaint without prejudice.
The plaintiff-appellant is an educational institution for the physically and mentally handicapped. The defendant-appellee is the mother of a physically-handicapped student, over the age of eighteen, who is enrolled at the appellant-institution. In an action instituted against the student’s father, the mother was joined as a defendant on the tenable theory that she has a paren *487 tal obligation to care for the physically-handicapped child who is unable to take care of himself. See Fincham v. Levin, 155 So.2d 883 (Fla. 1st DCA 1963).
An award of fees pursuant to section 57.105 requires a showing that a justiciable issue is so absent as to make the action frivolous. See T.I.E. Communications, Inc. v. Toyota Motors Center, Inc., 391 So.2d 697 (Fla. 3d DCA 1980). On examination of the sparse record it cannot be concluded that the action was so clearly devoid of merit on both the law and the facts as to be completely untenable. Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA), rev. denied, 392 So.2d 1373 (Fla.1980).
The order awarding fees is reversed.