PER CURIAM.
This cause is before us on .appeal of an order of the deputy commissioner adjudicating claimant permanently totally disabled due to exposure to toxic substances. So far as we have been able to determine from appellants’ brief, the issues raised on appeal are (1) there was no support for the deputy’s finding that claimant is permanently totally disabled, (2) that the deputy erred as a matter of law in concluding that claimant’s last injurious exposure occurred while working for the employer ultimately held liable, (3) that the deputy erred in awarding lifetime, around-the-clock attendant care, and (4) that the deputy erred in issuing a lengthy, detailed order, supposedly making improper findings and supposedly issued only for the purpose of inflating an attorney’s fee.
The appellants’ initial brief, filed after this court granted an extension of time, violates Florida Rules of Appellate Procedure 9.210(a)(5) and 9.210(a)(2) as to length and as to margin width.[1] We will not *353 discuss the tone of appellants’ briefs, which vent counsel’s frustrations and displeasure with the system, but do little to enlighten as to issues and pertinent facts in this 2,000 page record.
The panel has considered ordering that another brief be filed by appellants but, on reflection, we decline to do so.[2] Counsel for appellants is an experienced lawyer who is capable of filing a brief in compliance with the rules. To require refiling will not therefore be instructive or rehabilitative for counsel and will only delay the date that benefits would begin to reach the claimant. After review of the merits, we conclude that no error has been made to appear to support a reversal.
The motion for fees under Section 440.-34(5) is granted. Because this appeal completely failed to raise a justiciable issue of law or fact, appellee is also granted fees under Section 57.105, Florida Statutes. Whitten v. Progressive Casualty Insurance Company, 410 So.2d 501 (Fla.1982).
The order below is affirmed.
BOOTH and MINER, JJ., concur.
JOANOS, J., specially concurs in part and dissents in part.

. The brief purports to be 50 pages long, but includes a page "42A" and incorporates by reference a 23-page appendix into the facts. Right-hand margins are but a fraction of an inch wide throughout.

. We issued motion to show cause why the brief should not be stricken and sanctions imposed against counsel, and have considered counsel’s response thereto filed March 24, 1989, as well as appellee’s reply filed March 29, 1989.