FARMER, Judge.
Plaintiff sued a boat seller, alleging that defendant failed to deliver a boat conforming to the sales contract. Defendant filed a one-line Answer saying “defendant generally denies all allegations, except jurisdiction.” It did not respond to plaintiffs request for admissions, and thus the trial court deemed the requests admitted. Plaintiff then moved for summary judgment. Defendant did not oppose the motion and did not appear for the hearing. The trial court entered the summary judgment which also provided that:
“there is no justiciable issue of law or fact raised by the defendant herein and under 57.105, F.S., the plaintiff, Rozalia Heuer, is the prevailing party; that there was ‘a complete absence of justiciable issue of either law or fact’, and as such, the filing of frivolous complaint by a plaintiff is the same as filing a frivolous answer by the defendant. There was no defense, either at law or fact and therefore, under 57.105, F.S. Rozalia Heuer is entitled to receive attorney’s fees as a matter of law.” [emphasis suppled]
Defendant did not move for rehearing but instead appealed the award of attorney’s fees. We reverse.
The issue is whether section 57.105(1) supports an award of attorney’s fees for filing a general denial and not otherwise defending the claim. The statute permits a trial court to award attorney’s fees to the prevailing party when “the court finds that there was complete absence of a justiciable issue of either law or fact raised by the complaint or defense of the losing party.” In spite of the language of the statute we note that the trial court’s judgment actually found that “there is no justiciable issue of law or.fact raised by the defendant” Technically, the trial court has awarded section 57.105 fees for failing to raise a justiciable issue.
Going beyond that obvious problem with the court’s decision, even assuming that the fifing of a general denial constitutes raising an issue the statute still would not seem to support the award in this case. In Whitten v. Progressive Cas. Ins. Co., 410 So.2d 501, 505 (Fla.1982), the court construed the statute to require that the losing party’s action must be “so clearly devoid of merit both on facts and law as to be completely untenable.” The purpose of the statute, the court held, is to discourage baseless claims, stonewall defenses and sham appeals in civil litigation by placing a price tag through attorney’s fees awards on losing parties who engage in ñivo- *626 lous litigations. 410 So.2d at 505. Such frivolous litigation constitutes a reckless waste of judicial resources as well as the time and money of the prevailing party.
By the mere filing of a general denial, defendant in this case raised no issues of any kind. Thus the pleading asserted no baseless claims or stonewall defenses. It therefore cannot be said that defendant’s position was “clearly devoid of merit” or entirely lacking in arguable substance. Whitten, 410 So.2d at 506 (not every prevailing party on summary judgment, dismissal for failure to state cause of action, judgment on the pleadings, evidentiary hearing or trial is automatically entitled to attorney’s fees under section 57.105); Kittel v. Kittel, 210 So.2d 1 (Fla.1967) (statutes authorizing award of attorney’s fees in derogation of common law must be strictly construed); Stevenson v. Rutherford, 440 So.2d 28 (Fla. 4th DCA 1983) (purpose of section 57.105 is to discourage baseless claims, not to cast a chilling effect on the use of the courts).
Moreover, we recognize that counsel retained to defend against a claim shortly before the response is due can often be placed in a tenuous position. Counsel may be called upon in the shortness of time to do something to protect a client’s interests yet not take frivolous litigation positions. Here counsel might have filed a motion for more time to respond, e.g., which itself could have necessitated a hearing and thus the expenditure of plaintiffs time and money. Filing a mere general denial was at least as economical and did little more than require plaintiff to do what the rules already required for a successful motion for summary judgment anyway.[1] We therefore hold that the mere filing of a general denial in this case was not alone a sufficient basis for an award of attorney’s fees under section 57.105(1).
REVERSED.
GUNTHER and KLEIN, JJ., concur.

. A general denial does nothing more than tell plaintiff to prove the claim alleged.