348 So.2d 357 (1977)
Norma J. JOHNSON, As Personal Representative of Larry R. Johnson, Deceased, and Norma J. Johnson, Individually, Appellants,
v.
William I. McCOWEN and Beverly McCowen, His Wife, Appellees.
No. CC-178.
District Court of Appeal of Florida, First District.
July 11, 1977.
Rehearing Denied August 18, 1977.
*358 William Landsberg and James E. Moore, Moore & Anchors, Niceville, for appellants.
F.B. Estergren, Estergren, Fortune, Anchors & Powell, Fort Walton Beach, for appellees.
RAWLS, Acting Chief Judge.
The parties to this action are owners of adjoining waterfront lots bordering on Boggy Bayou in Santa Rosa County. Appellants[1] filed their complaint for declaratory judgment alleging that since the purchase by the parties of the lot from a common grantor, the lot had increased in area as the result of natural accretion and, therefore, a portion of the accretion was their property. After hearing the testimony proffered and personally viewing the properties, the trial judge established the seaward boundary lines between the parties as reflected by the survey incorporated in this opinion.
*359 
*360 The issues posed by appellants are: 1) that the line established by the trial court defining the littoral rights of the parties is not consistent with the law and the facts, and 2) the line defining the land boundaries of the parties is not consistent with the law and the facts.
In 1969, within two days of each other, the parties to this cause acquired deeds to their waterfront parcels which divided Lot 4.[2] As reflected by the survey utilized by the trial judge in fixing the common seaward boundary, the two lots are located in a convex waterfront cove. The upland lots adjoining appellants' property are not parallel. Appellants contend that the common upland boundary should be extended in the same direction seaward from the deed corner which would have the effect of granting them a strip of land from 0 to 10.5 feet immediately adjoining appellees' property, thus restricting appellees' access to the waterfront. In weighing the respective rights of the parties, the trial court substantially preserved to the parties the same relative waterfront distances as each had in 1969.
Although oftentimes interchanged, riparian rights, according to the strict meaning of the term, are such as follow or are connected with the ownership of banks and streams or rivers.[3] Those whose lands border upon tide waters are called "littoral"[4] proprietors, and there appears to be no word or phrase of sufficiently broad meaning to include both riparian and littoral.[5] Such rights, riparian and littoral, depend upon the ownership of land contiguous to the waters and are the same.
The rule of law applicable to adjacent landowners' rights in littoral properties is that no rule can be laid down as to every situation, since their respective rights must depend in every instance upon the shape of the upland, the arm of the sea, and their relative position to each other. The aim of all rules as applied to the rights of adjoining littoral proprietors on an irregular shore is to give each, as far as may be, a fair and reasonable opportunity of access to the channel.[6] The general rules by which alluvion is apportioned between different littoral owners is, when practicable, allot each proprietor a frontage of the same width on the new shore as on the old shore. When the general course of the shore curves or bends, two objects are to be kept in view; namely, to give each proprietor a fair share of the land and to secure to him convenient access to the water from all parts of his land by giving him a share of the outward line proportioned to a share of the line of the original shore owned by him.[7]
Hayes v. Bowman[8] is Florida's landmark case dealing with littoral or riparian rights. There, the court stated:
"... It should be borne in mind that littoral or riparian rights are appurtenances to ownership of the uplands. They are not founded on ownership of the submerged lands. It is for this reason, among others that we cannot define the area within which the rights are to be enjoyed with mathematical exactitude or by a metes and bounds description.
"We therefore prescribe the rule that in any given case the riparian rights of an upland owner must be preserved over an area `as near as practicable' in the direction of the Channel so as to distribute equitably the submerged lands between the upland and the Channel. In making such `equitable distribution' the Court *361 necessarily must give due consideration to the law of the upland shore line, the direction of the Channel and the correlative rights of adjoining upland owners."
In the instant case, the trial court, in following the dictates of Hayes, gave due consideration to the lay of the upland shoreline, the direction of the channel and the correlative rights of adjoining upland owners.
AFFIRMED.
SMITH and ERVIN, JJ., concur.
NOTES
[1] Subsequent to notice of appeal being filed, appellant, Larry R. Johnson, died. His personal representative has been substituted in his stead.
[2] Appellants purchased Parcel 1, Lot 4; the appellees purchased Parcel 2, Lot 4.
[3] Riparian is derived from Latin ripa, a river bank.
[4] Littoral is derived from Latin litus, the seashore.
[5] Guld, A Treatise on the Law of Waters (3rd Ed. 1900).
[6] Rochester v. Barney, 117 Conn. 462, 469, 169 A. 45 (1933).
[7] Gould, supra.
[8] Hayes v. Bowman, 91 So.2d 795 (Fla. 1957). See also Bliss v. Kinsey, 233 So.2d 191 (Fla. 2nd DCA 1970).