476 So.2d 1306 (1985)
LAKE CONWAY SHORES HOMEOWNERS ASSOCIATION, INC., Etc., Appellant,
v.
James O. DRISCOLL and Lila S. Driscoll, His Wife, Appellees.
James O. DRISCOLL and Lila S. Driscoll, His Wife, Appellants,
v.
LAKE CONWAY SHORES HOMEOWNERS ASSOCIATION, INC., Etc., Appellee.
Nos. 84-1229, 84-1453.
District Court of Appeal of Florida, Fifth District.
September 12, 1985.
Rehearing Denied October 17, 1985.
*1307 Jack R. Leonard, Orlando, for appellant in No. 84-1229, appellee in No. 84-1453.
Thomas G. Kane, of Driscoll, Langston, Kane & Hess, P.A., Orlando, for appellees in No. 84-1229, appellants in No. 84-1453.
UPCHURCH, Judge.
Lake Conway Shores Homeowners Association, Inc. appeals from a judgment determining riparian rights and requiring the removal of its boat ramp and dock in an action brought by James and Lila Driscoll. The Driscolls appeal from an order entered in the same case which denied them attorney's fees. The appeals have been consolidated for review.
The Driscolls and the Association own adjacent parcels of property on Lake Conway in Orange County, Florida. The Association's property is a recreational lot in Lake Conway Shores Subdivision. The Driscolls' lot, an orange grove, lies immediately west of the Association's property.
In July, 1980, the Association completed construction of a boat ramp and dock extending from its property. In September, 1980, the Driscolls purchased their property. In June, 1983, the Driscolls filed suit against the Association, seeking declaratory *1308 and injunctive relief, monetary damages, costs and attorney's fees for the alleged encroachment.
After engaging in discovery, the Driscolls filed a motion for summary judgment. The Driscolls alleged that there were no genuine issues of material fact and that they were entitled to a judgment because the evidence clearly established that the Association's boat ramp and dock encroached on their riparian rights.
After a hearing was held in the matter, the trial court determined that the equities were with the Driscolls and that they were entitled to injunctive relief. The court found that the riparian rights of the Driscolls were properly determined by prolongation of their easterly property line. In so doing, the court found that the boat ramp and dock encroached on the Driscolls' riparian rights and ordered their removal. In a separate order, the court denied the Driscolls' motion for attorney's fees.
The first issue we address is whether the court erred in entering summary judgment in favor of the Driscolls. Among its arguments, the Association claims that the method used by the trial court in determining the Driscolls' riparian rights eliminated its own riparian rights and effectively denied it access to the lake.
The Driscolls concede that the predecessors in title of both parties were upland owners of property on Lake Conway. Thus, both parties enjoy certain riparian rights. See § 197.228(1), Fla. Stat. (1979); Game and Fresh Water Fish Comm. v. Lake Islands, 407 So.2d 189 (Fla. 1982).
While the term "riparian" is often used to describe rights incident to ownership of property abutting a sea, lake, or pond, technically this is incorrect. Such lands are properly termed littoral. Gillilan v. Knighton, 420 So.2d 924 (Fla. 2d DCA 1982). Whether called littoral or riparian, these rights include the right to additional lands formed by accretions or relictions.[1]Gillilan; State v. Florida National Properties, Inc., 338 So.2d 13 (Fla. 1976). In Florida, the extent of ownership in the lands is determined in accordance with equitable principles. Hayes v. Bowman, 91 So.2d 795 (Fla. 1957). For example, in Johnson v. McCowen, 348 So.2d 357 (Fla. 1st DCA 1977), the owners of a waterfront lot alleged that their lot had increased by accretion and that they were entitled to these lands as littoral owners. They sought to extend one of their upland boundaries seaward in a straight line from the deed corner. The owners of the adjacent waterfront lot protested, saying that such an extension of the original boundary would invade their littoral rights. The court affirmed the trial judge's finding that the new boundary should be established by equitably apportioning the waterfront property between the parties, explaining as follows:
[N]o rule can be laid down as to every situation, since ... rights must depend in every instance upon the shape of the upland, the arm of the sea, and [the parties'] relative position to each other. The aim of all rules as applied to the rights of adjoining littoral proprietors on an irregular shore is to give each, as far as may be, a fair and reasonable opportunity of access to the channel. The general rules by which alluvion is apportioned between different littoral owners is, when practicable, [to] allot each proprietor a frontage of the same width on the new shore as on the old shore. When the general course of the shore curves or bends, two objects are to be kept in view; namely, to give each proprietor a fair share of the land and to secure to him convenient access to the water from all parts of his land by giving him a share of the outward line proportioned to a share of the line of the original shore owned by him.
348 So.2d at 360.
In equitably apportioning lands acquired through accretion or reliction, many methods may be used, see, e.g., Clark, chapters 24 and 25, but no one method *1309 is proper or improper. Here the trial judge used the "prolongation of property line" method, that is, he simply extended the Driscolls' easterly line. However, this method destroyed the Association's littoral rights and effectively denied the homeowners access to the lake. This is clearly unfair and thus the judgment is reversed and the cause remanded for an equitable determination of the parties' respective littoral rights.[2]
As to the question raised in the appeal by the Driscolls, the denial of attorney fees under section 57.105, Florida Statutes, we find no error and affirm. See Whitten v. Progressive Casualty Insurance Company, 410 So.2d 501 (Fla. 1982); Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA 1980).
Case No. 84-1229: Judgment REVERSED and cause REMANDED for further proceedings.
Case No. 84-1453: Order denying attorney's fees AFFIRMED.
COBB, C.J., and LEE, R.E., Associate Judge, concur.
NOTES
[1] Reliction is the gradual uncovering of land caused by the retreat of the water. F. Clark, Law of Surveying and Boundaries § 567 (Grimes 4th ed.).
[2] There was evidence regarding alternate surveying techniques such as dropping a perpendicular line to the shore line of Lake Conway from the southeasterly corner of the Driscolls' property.