397 So.2d 447 (1981)
Sheldon S. SACHS, Appellant,
v.
William S. HOGLUND, Appellee.
No. 80-480.
District Court of Appeal of Florida, Third District.
April 28, 1981.
Rubinstein & Kornik and Jeffrey D. Rubinstein, Miami, for appellant.
No appearance, for appellee.
Before HUBBART, C.J., SCHWARTZ, J., and LILES, WOODIE A. (Ret.), Associate Judge.
HUBBART, Chief Judge.
The central question presented for review by this appeal is whether a plaintiff who prevails in a civil action is entitled to an award of attorney's fees under Section 57.105, Florida Statutes (1979), where the defendant fails to appear in the action and a final judgment is thereafter entered in the plaintiff's favor upon a default. We hold that the plaintiff is never entitled to such an award of attorney's fees in these circumstances under the above statute. We accordingly affirm the trial court's denial of attorney's fees in this cause.
The facts pertaining to the above issue are as follows. The plaintiff Sheldon Sachs sued the defendant William Hoglund on a promissory note before the Circuit Court of the Eleventh Judicial Circuit of Florida. The defendant Hoglund failed to appear or file any pleadings below. A proper clerk's default was entered against the defendant Hoglund and, thereafter, the trial court, upon proper notice and trial, entered a final judgment for the plaintiff Sachs based upon the default. The trial court, however, denied the plaintiff Sach's request for an award of attorney's fees under Section 57.105, Florida Statutes (1979), and also declined to amend the final judgment to so provide. The plaintiff Sachs appeals the trial court's denial of such attorney's fees.
The controlling statute here is Section 57.105, Florida Statutes (1979), which provides as follows:

*448 "The court shall award a reasonable attorney's fee to the prevailing party in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party."
By its plain terms, the statute requires as a prerequisite to an attorney's fee award thereunder that the losing party in a civil litigation raise issues for determination which in their entirety completely lack justiciability in law and fact, or, in other words, are frivolous. TIE Communications, Inc. v. Toyota Motors Center, Inc., 391 So.2d 697 (Fla. 3d DCA 1981); Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA 1980). The purpose of the statute is to discourage baseless claims, stonewall defenses, and sham appeals in civil litigation by placing a price tag through attorney's fee awards on losing parties who engage in same, as such frivolous litigation constitutes a reckless waste of sparse judicial resources and prevailing litigants' time and money. Hernandez v. Leiva, 391 So.2d 292 (Fla. 3d DCA 1980).
In the instant case, however, the plaintiff Sachs was clearly not entitled to an attorney's fee award under the above statute. The defendant Hoglund as the losing party herein did not raise issues below which completely lacked justiciability; indeed, he raised no issues at all and defaulted on the case. Contrary to the plaintiff's contention here, the above statute does not require a defendant to enter a civil litigation and contest it upon pain of having an attorney's fee award entered against him. It merely penalizes a defendant who decides to contest a lawsuit and thereafter proceeds to waste the resources and time of the court and prevailing party by raising nothing but frivolous issues. The defendant Hoglund here did not do so, and, accordingly, the trial court was eminently correct in denying an attorney's fee award for the plaintiff under the above statute.
In reaching the conclusion, we have not overlooked a portion of the May 5, 1978 floor debate on this statute in the Florida House of Representatives, a transcript of which the plaintiff herein has supplied us with, which tends to support the plaintiff's position in this cause. The law is well settled, however, that "[w]here the legislative intent as evidenced by a statute is plain and unambiguous, then there is no necessity for any construction or interpretation of the statute, and the courts need only give effect to the plain meaning of its terms." State v. Egan, 287 So.2d 1, 4 (Fla. 1973). As we regard the statute herein as plain on its face, we are constrained by law to enforce the statute as written and not look to the above extrinsic, and admittedly fragmentary, evidence of legislative intent.
Affirmed.