443 So.2d 506 (1984)
FRITILLARY HOLDINGS, INC., Appellant,
v.
PAT AND MAE'S DANCELAND CLUB, INC., et al., Appellees.
No. 83-943.
District Court of Appeal of Florida, Fourth District.
January 18, 1984.
Norman I. Segal, North Miami Beach, for appellant.
Richard L. Polin, Lauderhill, for appellee, Pat and Mae's Danceland Club, Inc.
LETTS, Judge.
The only question raised on appeal, which we deem to have merit, is whether attorney's fees can be awarded under Section 57.105, Florida Statutes (1981), solely because a defendant fails to answer. We hold the statute inapplicable and reverse.
The First District has held the statute to apply when the prevailing party is impelled by the loser to waste time, money and judicial resources to halt a course of conduct engaged in by his opponent. Castaway Lounge of Bay County, Inc. v. Reid, 411 So.2d 282 (Fla. 1st DCA 1982). However, the Third District in Sachs v. Hoglund, 397 So.2d 447 (Fla.3d DCA 1981), held to the contrary. It is true that the Castaway decision seeks to distinguish Sachs, but we are not persuaded and align ourselves with Sachs.
As the Third District noted in Sachs, Section 57.105 does not require a defendant to either contest every suit or suffer attorney's fees as a consequence. It is not the failure to raise frivolous issues that activates the statute. On the contrary, the legislative target is the affirmative act of raising them. Many defendants do not defend themselves because they have plumb run out of money to pay their lawyers. Indeed, the defendant's attorney here withdrew for failure to pay his fees. If a defendant fails to defend himself because he cannot afford to, there is unconscionable *507 irony in having to pay his opponent's lawyer as further punishment for being unable to afford his own. We must admit it looks like the plaintiff was correct and should not have had to go to court to prove her cause. However, surely any plaintiff thinks likewise. Accurate assessment of a successful outcome does not in and of itself trigger the statute.
Accordingly, that portion of the final judgment awarding attorneys fees is reversed and remanded for amendment thereto. In all other respects, the lower court's decision is affirmed.
AFFIRMED IN PART; REVERSED IN PART.
BERANEK and HERSEY, JJ., concur.