473 So.2d 5 (1985)
Francis J. McNee and Gladys S. McNee, His Wife, Petitioners,
v.
G. Robert BIZ, Respondent.
No. 85-947.
District Court of Appeal of Florida, Fourth District.
July 10, 1985.
Rehearing and Reconsideration Denied August 13, 1985.
*6 Robert A. White of Robert A. White, P.A., Coral Springs, for petitioners.
Daniel S. Rosenbaum of Becker, Poliakoff & Streitfeld, P.A., Fort Lauderdale, for respondent.
PER CURIAM.
The circuit court, sitting in its appellate capacity, awarded attorney's fees to appellant Biz pursuant to section 57.105, Florida Statutes (1983). Because the appellees did nothing more than defend the judgment on appeal, we hold that the award of attorney's fees constitutes a departure from the essential requirements of law. Consequently, we grant appellees' petition for certiorari and quash the award.
Section 57.105 provides for an award of attorney's fees to the prevailing party in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party. In essence, the court must conclude that the losing party's position was frivolous. See Galbraith v. Inglese, 402 So.2d 574 (Fla. 4th DCA 1981). The statute was designed to
discourage baseless claims, stonewall defenses and sham appeals in civil litigation by placing a price tag through attorney's fees awards on losing parties who engage in these activities.
Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501, 505 (Fla. 1982).
Here, the McNees won a summary final judgment in the county court, and Biz appealed to the circuit court. In the appellate phase, the McNees did nothing more than defend the judgment entered by the lower court. They did not file a cross appeal, but simply responded to the appellant's assertions of error. Under these circumstances the appellate court could not award section 57.105 fees to the successful appellant because, as a matter of law, the appellees' position had to embody a justiciable issue of law or fact. The judgment of the trial court carried with it a presumption of correctness, Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979), and the defense of that judgment necessarily involved the advancement of justiciable issues. See Enoch Associates, Inc. v. Moult Investments, Ltd., 404 So.2d 798 (Fla. 3d DCA 1981). Thus, the circuit court, sitting in its appellate capacity, departed from the essential requirements of law when it found no justiciable issue of law or fact and awarded attorney's fees.
Accordingly, we grant certiorari and quash the award of attorney's fees.
ANSTEAD, HURLEY and WALDEN, JJ., concur.