528 So.2d 557 (1988)
CORAL SPRINGS ROOFING COMPANY, INC., Appellant,
v.
Mr. G.S. CAMPAGNA, Appellee.
No. 88-0233.
District Court of Appeal of Florida, Fourth District.
July 27, 1988.
Ralph Diaz of Law Offices of Ralph Diaz, P.A., Coral Springs, for appellant.
Bruce I. Kravitz of Law Offices of Charles S. Dale, Jr., Fort Lauderdale, for appellee.

FASTRACK APPEAL
PER CURIAM.
This is a Fastrack appeal from an order rendered on December 23, 1987. The circuit court, sitting in its appellate capacity, awarded attorney's fees to G.S. Campagna, appellant below. Coral Springs Roofing Company, Inc. (Coral) appellee below, filed an appeal to this court. As certiorari is the proper remedy, we elect to treat this appeal as a petition for writ of certiorari pursuant to rule 9.040(c), Florida Rules of Appellate Procedure. The issue on certiorari review is whether the circuit court departed from the essential requirements of law in awarding attorney's fees. We find that it did.
*558 The general rule is that attorney's fees are not taxable and will be granted only when specifically authorized by statute or contract. Citizens Federal Savings & Loan Association of St. Lucie County v. Loeb Rhoades, Hornblower & Co., 473 So.2d 679 (Fla. 4th DCA 1984).
Campagna filed a motion in the circuit court seeking attorney's fees based on general principles of equity. This does not entitle him to attorney's fees. Furthermore, the contract between the parties entitles Coral, but not Campagna, to attorney's fees in collection efforts. This leaves the question of whether any statutes entitle Campagna to recover fees. No statute was relied on by Campagna in his request for fees, or by the circuit court in awarding them. Coral correctly states that the only possible statutory basis to support the award could be found in section 57.105, Florida Statutes (1987). This section authorizes awards of attorney's fees to the prevailing party in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party. Essentially, to award such fees, the court must find that the losing party's position was frivolous. McNee v. Biz, 473 So.2d 5 (Fla. 4th DCA 1985).
However, where a party wins a judgment or ruling in the lower tribunal and it is appealed, and where that party is unsuccessful on appeal, the appellate court could not award section 57.105 fees to the successful appellant. That is because, as a matter of law, the appellee's position contained a justiciable issue of law or fact. The judgment of the trial court carries with it a presumption of correctness. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979). Defense of that judgment also by necessity involves the advancement of justiciable issues. See Enoch Associates, Inc. v. Moult Investments, Ltd., 404 So.2d 798 (Fla. 3d DCA 1981).
Here, Coral was successful in the county court, and on appeal to the circuit court, it merely sought to uphold the county court's ruling. As such, it cannot be found that Campagna was entitled to recover attorney's fees after being successful on appeal to the county court. The defense of that county court ruling could not be labeled frivolous under section 57.105.
Thus, the circuit court departed from the essential requirements of law when it awarded attorney's fees.
Accordingly, we grant certiorari and quash the award of attorney's fees.
HERSEY, C.J., and DOWNEY and LETTS, JJ., concur.