710 So.2d 1039 (1998)
STATE of Florida, DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Petitioner,
v.
Franklyn A. SALTER, Respondent.
No. 98-00001.
District Court of Appeal of Florida, Second District.
May 27, 1998.
*1040 Rafael A. Centurion, Assistant General Counsel, Department of Highway Safety and Motor Vehicles, Miami, for Petitioner.
Harold M. Stevens of Harold A. Stevens, P.A., Fort Myers, for Respondent.
PER CURIAM.
The Department of Highway Safety and Motor Vehicles seeks certiorari relief from an order assessing attorney's fees and costs against it. The order was entered in a certiorari proceeding before the circuit court sitting in its appellate capacity. We hold that the imposition of the fee and cost award departed from the essential requirements of law.[1] Accordingly, we quash the order under review.
Franklyn A. Salter, aggrieved by a Department hearing officer's decision to suspend his driving privileges, sought circuit court review by filing a certiorari petition. Although the circuit court directed the Department to respond to the petition, no responsive pleading was filed. This extraordinary proceeding was governed by Florida Rule of Civil Procedure 1.630 and Florida Rule of Appellate Procedure 9.100(f), and Salter properly did not apply to the clerk of the circuit court for entry of a default. See Fla. R.App. P. 9.100(f)(4). Instead, Salter set a hearing to arrange for entry of an order reinstating his driving privilege. At this hearing the Department announced that it did not contest Salter's application for relief from the administrative order. Because the Department did not defend this appellate action, the functional equivalent of a default judgment was entered against it.
The order assessing fees and costs against the Department does not recite the authority for the award, nor does it make any findings in support of it.[2] Salter's principal argument in support of the fee award relies on section 57.105(1), Florida Statutes (1997), which empowers a court to impose fees and costs in favor of a prevailing party in the event there is a complete absence of justiciable issue of either law or fact raised by the *1041 complaint or defense of the losing party. The purpose of this statute is to dissuade litigants and attorneys from pursuing "baseless claims, stonewall defenses, and sham appeals in civil litigation by placing a price tag ... on losing parties who engage in these activities." Whitten v. Progressive Cas. Ins. Co., 410 So.2d 501, 505 (Fla.1982). Failing to defend an action does not cause the needless waste of judicial resources the statute aims to discourage; a defendant who allows a civil matter to be resolved by default normally does not tax the time of the court or the opposing party in any manner. As a matter of law, section 57.105 fees may not be awarded against a defaulting party in civil litigation. See Cabral v. Diversified Servs., Inc., 560 So.2d 246 (Fla. 3d DCA 1990); Fritillary Holdings, Inc. v. Pat & Mae's Danceland Club, Inc., 443 So.2d 506 (Fla. 4th DCA 1984); Sachs v. Hoglund, 397 So.2d 447 (Fla. 3d DCA 1981). There may be an exception to this rule when the defaulting party's absence impedes the opposing party and the court's disposition of the matter. See, e.g., Castaway Lounge of Bay County, Inc. v. Reid, 411 So.2d 282 (Fla. 1st DCA 1982).
The foregoing cases involved traditional civil litigation in circuit court and not a de facto appeal, such as the certiorari proceeding which resulted in the fee order under review here. We have found two cases which reached a district court by way of "second appeal certiorari" concerning the assessment of section 57.105 fee awards by circuit courts sitting in their appellate capacities. In each, the circuit court reversed the order under review, found the defense on appeal by the appellee to have raised nonjusticiable issues, and granted the successful appellant attorney's fees. In each, the Fourth District quashed the fee award. See Coral Springs Roofing Co., Inc. v. Campagna, 528 So.2d 557 (Fla. 4th DCA 1988); McNee v. Biz, 473 So.2d 5 (Fla. 4th DCA 1985). Because the order of a trial court, or, as is in this case, a lower administrative tribunal, carries with it a presumption of correctness, defense of that order on appeal necessarily involves the advancement of justiciable issues.[3]See Coral Springs Roofing, 528 So.2d at 558; McNee, 473 So.2d at 6. Here, the Department, presumably aware that the lower tribunal's determination was indefensible, chose not to defend an order which as a matter of law raised a justiciable issue, thereby saving Salter and the circuit court the time which would have been expended in the litigation. The Department's reward for its laudable conduct was an order requiring that it pay fees to Salter for his prosecution of an uncontested matter.
The circuit court order under review suggests no other bases to justify its award of fees. We reject Salter's supposition that fees were awarded pursuant to section 57.111, Florida Statutes (1997), which governs fee awards in administrative proceedings initiated by state agencies. He has made no attempt to bring himself, a motorist arrested for driving under the influence, within the definition of a "small business party," the only beneficiary of that statute. See § 57.111(3)(d).
Certiorari granted and order of the circuit court awarding Salter attorney's fees and costs quashed.
PARKER, C.J., and FULMER and NORTHCUTT, JJ., concur.
NOTES
[1] Our standard of review on certiorari petitions challenging orders of the circuit court sitting in its appellate capacity, whether commencing in an administrative body or in the county court, is governed by Haines City Community Development v. Heggs, 658 So.2d 523 (Fla.1995): We must determine whether the circuit court afforded procedural due process and whether there was a departure from the essential requirements of law resulting in a miscarriage of justice. Arguably, the propriety of an award of attorney's fees in appellate proceedings before the circuit court, for which review is sought in the district court, may involve a less strict standard of review, because the district court is the first judicial body to consider the matter in its appellate capacity. Because the order challenged in this certiorari proceeding departs from the essential requirements of law, and relief is required irrespective of the standard employed, we decline to decide whether a more wide-ranging review is appropriate on this issue than Haines City prescribes.
[2] The circuit court's failure to make findings to support the award of fees and costs pursuant to section 57.105(1), Florida Statutes (1997), would itself require reversal of the order had this matter come to us on plenary appeal. See Fernandez v. Chiro Risk Management, Inc., 700 So.2d 65 (Fla. 2d DCA 1997). We need not decide whether this shortcoming by itself would require quashing the order under the standard of Haines City if it applies to this issue (see footnote 1), because the order must be vacated under either standard of review.
[3] In unique circumstances, the Third District assessed appellate attorney's fees as punishment for the appellees' defense on appeal of an order of the trial court. That award was clearly prompted by egregiously unethical activity by appellees' counsel which necessitated the appeal in the first instance. See Rapid Credit Corp. v. Sunset Park Centre, Ltd., 566 So.2d 810, n. 2 (Fla. 3d DCA 1990).