973 So.2d 625 (2008)
YODER BROTHERS, INC., Appellant,
v.
James WEYGANT, Appellee.
No. 2D06-1935.
District Court of Appeal of Florida, Second District.
January 25, 2008.
*626 Edmund J. McKenna and Jennifer Monrose Moore of Ford & Harrison LLP, Tampa, for Appellant.
Jason L. Gunter of Webb, Scarmozzino & Gunter, P.A., Fort Myers, for Appellee.
Richard E. Johnson, Tallahassee, for Amicus Curiae The National Employment Lawyers Association, Florida Chapter.
KELLY, Judge.
Yoder Brothers, Inc., challenges the order of the trial court denying its motion for attorney's fees pursuant to the offer of judgment statute, section 768.79, Florida Statutes (2004). We conclude that the trial court correctly determined that awarding attorney's fees pursuant to Yoder Brothers' proposal for settlement was inconsistent with section 760.11(5), Florida Statutes (2004), and therefore affirm.
James Weygant sued Yoder Brothers alleging quid pro quo sexual harassment in violation of the Florida Civil Rights Act of 1992 (FCRA).[1] Yoder Brothers served an offer of judgment pursuant to Florida Rule of Civil Procedure 1.442 and section 768.79. After Yoder Brothers prevailed at trial, it moved for attorney's fees pursuant to its offer of judgment. The trial court denied the motion after concluding that the offer of judgment statute conflicted with section 760.11(5), which governs awards of attorney's fees in actions brought under the FCRA. On appeal, Yoder Brothers contends that the trial court erred in interpreting the two statutes. We disagree.
The question presented in this appeal is one of law; specifically, whether the trial courts interpretation of the statutes at issue was proper. Therefore, the applicable standard of review is de novo. See B.Y. v. Dept. of Children Families, 887 So.2d 1253, 1255 (Fla.2004).
The FCRA's attorney's fee provision states in pertinent part:
In any action or proceeding under this subsection, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs. It is the intent of the Legislature that this provision for attorney's fees be interpreted in a manner consistent with federal case law involving a Title VII action.
§ 760.11(5), Thus, this statute creates discretionary authority permitting a court to award reasonable attorney's fees under the guidelines typically used for actions brought pursuant to Title VII of the Civil Rights Act of 1964. See McCoy v. Pinellas County, 920 So.2d 1260, 1262 (Fla. 2d DCA 2006). Attorney's fees may not be awarded to a defendant in a Title VII case unless a plaintiff's claim is frivolous, unreasonable, or groundless. Christiansburg *627 Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). Yoder Brothers has not argued that Weygant's claim was frivolous, unreasonable, or groundless. Accordingly, Yoder Brothers cannot recover fees under section 760.11(5).
Yoder Brothers nevertheless claims it may recover its fees pursuant to its offer of judgment. Weygant contends that section 768.79, the offer of judgment statute, is inapplicable because it conflicts with the legislature's expressed intent to limit when attorney's fees may be awarded to a prevailing defendant in an action brought under the FCRA. See § 768.71(3) (providing that "[i]f a provision of this part is in conflict with any other provision of the Florida Statutes, such other provision shall apply"). We agree with Weygant that by incorporating the federal case law governing awards of attorney's fees under Title VII into section 760.11(5), the legislature has limited when a prevailing defendant may obtain an award of fees. Thus, permitting a defendant to obtain an award of attorney's fees pursuant to the offer of judgment statute when it would be precluded from doing so under section 760.11(5) seems to us to be inconsistent with what the legislature intended when it expressly adopted federal case law governing awards of attorney's fees under Title VII. See Jones v. United Space Alliance, LLC, 494 F.3d 1306 (11th Cir.2007); cf. Moran v. City of Lakeland, 694 So.2d 886 (Fla. 2d DCA 1997). Accordingly, we affirm the order of the trial court denying Yoder Brothers' motion for attorney's fees.
Affirmed.
SALCINES and WALLACE, JJ., concur.
NOTES
[1] § 760.10, Fla. Stat. (2004).