Tarence ROBINSON, Plaintiff,

v.

ALUTIQ–MELE, LLC, Defendant.

No. 07–20778–CIV–GOLD/McALILEY.

United States District Court,
S.D. Florida.

March 30, 2009.

Order Denying Reconsideration
April 6, 2009.

Erwin Rosenberg, Miami Beach, FL, for Plaintiff.

Christine Lynne Wilson, Jennifer A. Schwartz, Jackson Lewis LLP, Miami, FL, for Defendant.

*ORDER ADOPTING REPORT AND RECOMMENDATIONS [DE 70]; GRANTING IN PART DEFENDANT'S MOTION FOR SANCTIONS [DE 53]; GRANTING IN PART DEFENDANT'S MOTION FOR FEES AND COSTS [DE 54, 55]*

ALAN S. GOLD, District Judge.

THIS CAUSE is before the Court upon Magistrate Judge Chris M. McAliley's Report and Recommendation on Defendant's Motions for Sanctions Against Plaintiff's Counsel and Fees and Costs [DE 70], filed

March 10, 2009. In the Report, Magistrate Judge McAliley recommends that I award Defendant $2,423.42 in costs against Plaintiff Tarence Robinson, and also grant Defendant an award of $1,860.00 in attorneys' fees as a sanction against Plaintiff's counsel Erwin Rosenberg for the filing of the Motion for Reconsideration [DE 50]. Erwin Rosenberg, filed Objections [DE 71] on March 12, 2009, and Defendant filed a Response to the Objections [DE 72] on March 20, 2009. Neither party objected to Magistrate Judge McAliley's recommendation on costs, and the time for doing so has passed. I therefore affirm and adopt Judge McAliley's recommendation and award Defendant $2,423.42 in costs.

As to the recommendation on fees,[1] Rosenberg argues that he was not required to specify the legal standard for reconsideration in the Motion, and that the Motion was not frivolous. Defendant filed a comprehensive response [DE 72] to the objection. Whether Rosenberg was required to state the Rule 59(e) standard in the Motion for Reconsideration is not the issue. Rather, the standard itself is telling because it demonstrates that the Motion for Reconsideration would fail on its face. A motion for reconsideration may be granted on one of three grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Offices Togolais*

1. Judge McAliley stated, "This Court agrees that the motion for reconsideration lacked any colorable basis, was frivolous and unreasonably and vexatiously multiplied these proceedings. The motion did not address the standard for reconsideration, regurgitated arguments made in opposition to summary judgment and improperly presented new arguments." [DE 70, p. 9]. Judge McAliley therefore recommended "that Defendant be awarded the attorneys' fees it reasonably in-

curred in responding to the motion for reconsideration, as a sanction against Plaintiff's counsel." [*Id.*]. She concluded that eight pages was a reasonable amount of time to spend on preparation of Defendant's opposition to the motion for reconsideration, and applying a blended hourly rate of $232.50, recommended I award Defendant $1,860.00 in attorneys fees for the time spent responding to Plaintiff's motion for reconsideration. [*Id.*, p. 10].

*Des Phosphates v. Mulberry Phosphates, Inc.,* 62 F.Supp.2d 1316, 1331 (M.D.Fla. 1999). Given this standard, it is apparent that Rosenberg's Motion for Reconsideration lacked any legal or factual basis for relief. *See Torres v. City of Orlando,* 264 F.Supp.2d 1046, 1053 (M.D.Fla.2003) (imposing fees under § 1927 and stating, "Plaintiff's counsel had no reasonable basis to pursue this litigation, and from the record, the court may infer that [counsel] intentionally—although perhaps without malice—filed and prosecuted claims that lacked any plausible legal or factual support.)." I therefore affirm and adopt Judge McAliley's recommendation and award Defendant $1,860.00 in attorneys' fees. For the reasons stated above, it is hereby ORDERED AND ADJUDGED:

1. The Report and Recommendation [DE 70] is AFFIRMED and ADOPTED.

2. Defendant's Motion for Sanctions Against Plaintiff's Counsel [DE 53] is GRANTED in PART. Defendant is awarded $1,860.00 in attorneys' fees as a sanction against Plaintiff's counsel Erwin Rosenberg.

3. Defendant's Verified Motion to Tax Costs and Attorneys' Fees Against Plaintiff [DE 54, 55] is GRANTED in PART. Defendant is awarded $2,423.42 in costs against Plaintiff Tarence Robinson.

4. This case remains closed.

DONE AND ORDERED.

*ORDER DENYING MOTIONS FOR RECONSIDERATION [DE 75, 78, 79]*

THIS CAUSE is before the Court upon Plaintiff's Motions for Reconsideration [DE 75, 78, 79], requesting reconsideration of my Order adopting Magistrate Judge Chris M. McAliley's Report and Recommendation on Defendant's Motions for Sanctions Against Plaintiff's Counsel and Fees and Costs [DE 73] and the related judgment [DE 76, 77]. In particular, Plaintiff's counsel Erwin Rosenberg seeks reconsideration of the sanction I imposed against Rosenberg for the filing of the Motion for Reconsideration. Rosenberg claims that I committed clear error because I relied on *Torres v. City of Orlando,* 264 F.Supp.2d 1046, 1053 (M.D.Fla. 2003), which, according to Rosenberg, "by its terms holds that sanctions under Section 1927 are not proper in a case such [as] this where it was worth prosecuting in the first place." (DE 75, p. 3).

Rosenberg mischaracterizes the holding of *Torres.* In *Torres,* the court determined that plaintiff's lawsuit was lacking in merit and frivolous, and therefore inferred that plaintiff had intentionally filed and prosecuted claims that lacked any plausible legal or factual support. 264 F.Supp.2d at 1053. Plaintiff defended his conduct in the case, stating it was "straight forward" and "usual," and the *Torres* court held that such "usual" conduct does not excuse the filing of an action that was not worth prosecuting in the first place, and imposed $31,955 in fees against plaintiff's counsel under 28 U.S.C. § 1927. *Id.* at 1055. The *Torres* court did not hold that fees under § 1927 are improper in a case worth prosecuting in the first place, but rather stated that otherwise acceptable conduct does not shield a plaintiff from imposition of sanctions under § 1927 where the case itself is brought without legal or factual basis. *Id.*

Rosenberg also argues that the arguments in his original Motion for Reconsideration [DE 59] indicated that I committed

clear error. For the reasons stated in my Order denying the Motion for Reconsideration [62], Judge McAliley's Report [DE 70], and my Order adopting the Report [DE 73], I disagree. Accordingly, I conclude that there is not need to correct clear error, and I deny Rosenberg's Motion for Reconsideration. It is hereby

ORDERED AND ADJUDGED that the Motions for Reconsideration [DE 75, 78, and 79] are DENIED.

*REPORT AND RECOMMENDATION ON DEFENDANT'S MOTIONS: (1) FOR SANCTIONS AGAINST PLAINTIFF'S COUNSEL AND (2) TO TAX COSTS AND ATTORNEYS' FEES AGAINST PLAINTIFF*

CHRIS McALILEY, United States Magistrate Judge.

Pending before the Court are Defendant's Motion for Sanctions Against Plaintiff's Counsel [DE 53] and Defendant's Verified Motion to Tax Costs and Attorneys' Fees Against Plaintiff [DE 54].[1] This matter was referred to the undersigned by the Honorable Alan S. Gold. [DE 59]. Plaintiff filed memoranda in oppositions to both Motions [DE 57, 58] and Defendant filed replies. [DE 60, 61]. For the reasons set forth below, this Court recommends that both motions be GRANTED IN PART.

**I. Background**

This suit arose from Plaintiff's employment by Defendant, which contracts with the federal government to provide armed security services at numerous locations in Miami–Dade County. In the Spring of 2005 two of the Defendant's Hispanic supervisors approached Plaintiff, a Black male Security Officer, to discuss a possible promotion. [DE 48, p. 4]. After Plaintiff was interviewed by a third Hispanic supervisor, he was promoted to the Site Supervisor position for a one year probationary period. [*Id.*]

Approximately two months later, two Hispanic Quality Control officers, also employed by Defendant, arrived at Plaintiff's post for an inspection. After the inspection, one of the officers submitted a critical report citing Plaintiff's lack of cooperation during the inspection, in particular his complaints that, as a fellow supervisor, he should not be subject to inspection. The Quality Control officer concluded that Defendant should reconsider Plaintiff's appointment to the supervisory position. [DE 48, p. 5].

After being advised of the report, in early June 2005, the same Hispanic supervisor who promoted Plaintiff demoted him to the position he held before, Security Officer. [DE 48, p. 6]. By that time, there was no open Security Officer shift at Plaintiff's work site, and Plaintiff was transferred to another work site of his choosing. At the new work site, the available shift offered fewer than 40 hours a week, but Plaintiff nevertheless chose it to avoid working the night shift. [DE 48, p. 7]. After Plaintiff was demoted, Defendant did not fill his Site Supervisor position, although Quality Control officers, and other supervisory personnel, continued to inspect weapons and uniforms at Plaintiff's former work site. These inspections were over and above any inspections Plaintiff would have performed as site supervisor. [DE 48, p. 8].

In September 2005, Plaintiff resigned from his position to work for FEMA in

---

1. Defendant also filed a Bill of Costs in support of its Motion to Tax Costs. [DE 55].

Louisiana in connection with the Hurricane Katrina recovery efforts. When Plaintiff returned to Miami, Defendant hired him as a temporary employee working with FEMA in connection with the clean-up after Hurricane Wilma. When that temporary position ended, Plaintiff sought full time employment with Defendant, but no work was available. [DE 48, p. 8].

Plaintiff filed a complaint of race discrimination with the EEOC. Thereafter, on December 29, 2006, Plaintiff brought an action in state court against Defendant for race discrimination. After the complaint had been amended twice, on March 23, 2007, Defendant removed the action to this Court. [DE 1]. The operative complaint asserts a single cause of action for violation of the Florida Civil Rights Act of 1992, Florida Statute section 760 *et seq.*, based on Defendant's alleged discriminatory demotion of Plaintiff.[2] [DE 1, pp. 43–46].

Plaintiff was deposed on August 15, 2007. Believing that Plaintiff's testimony demonstrated that he could not establish a prima facie of case of discrimination, Defendant, on August 23, 2007, served counsel for Plaintiff with a draft motion for sanctions pursuant to Federal Rule of Civil Procedure 11 and Florida Statute section 57.105, that asked Plaintiff to dismiss his complaint *with prejudice*. [DE 53–1, p. 2]. On September 3, 2007, within the 21 day safe harbor period provided by Rule 11, and in an effort to avoid sanctions, Plaintiff moved to dismiss his complaint *without prejudice*, [DE 16].

In that Motion, Plaintiff stated that a former coworker, Olga Chatters, told him that one of the Hispanic Quality Control officers assumed Plaintiff's duties after Plaintiff's demotion. However, because "Ms. Chatters is still working for Defendant she is afraid to tell the truth." [DE 16, p. 1]. Plaintiff acknowledged his concern that "without Ms. Chatters' truthful testimony he may not be able to prove a prima facie case." *Id.* Plaintiff further represented that he "only intends to refile this action if in the future he obtains an affidavit from Ms. Chatters consistent with what she told Plaintiff in February 2007."[3] *Id.*

Defendant opposed the Motion to Dismiss, arguing that Plaintiff should not be allowed to avoid sanctions by dismissing without prejudice. As an alternative, Defendant proposed that the Court either: "(1) condition the dismissal on the Plaintiff's payment of Defendant's reasonable fees and costs incurred in defending the matter to date; (2) condition the dismissal on the Plaintiff's payment of Defendant's reasonable fees and costs incurred in defending the matter to date should the Plaintiff re-file his claim; or (3) deny Plaintiff's motion and allow the case to proceed through the normal course of discovery." [DE 18, p. 4, ¶ 13]. On the day Defendant filed its opposition, Plaintiff withdrew his Motion to Dismiss. [DE 19].

Plaintiff deposed Olga Chatters on November 15, 2007. Defendant filed its Motion for Summary Judgment on January 9, 2008. [DE 36]. Shortly thereafter, Plaintiff made a $10,000,000 settlement demand on Defendant. [DE 53–2]. Mediation took place on January 31, 2008 and ended in an impasse. On March 12, 2008, Defen-

---

**2.** Plaintiff did not allege that his termination from his temporary FEMA position or Defendant's failure to rehire him at that time was discriminatory.

**3.** In correspondence with defense counsel, Plaintiff's counsel conceded that Plaintiff's

testimony alone did not establish a prima facie case, but stated that Plaintiff believed based on conversations with Chatters, that she would testify "that one of the Hispanic quality control persons took over [Plaintiff's] work." [DE 54–2, p. 12].

dant made a nominal settlement offer, to reimburse Plaintiff's filing fee; Plaintiff refused the offer. [DE 53–1, p. 5]. On April 23, 2008, 2008 WL 1836370, the Court granted summary judgment in favor of Defendant. [DE 48]. Plaintiff filed a motion for reconsideration, which was denied. [DE 50, 62]. Defendant then timely filed its motions for fees, sanctions and costs. The Court held an evidentiary hearing on these motions on November 10, 2008.[4]

At the evidentiary hearing Defendant called one witness, Plaintiff's counsel, Erwin Rosenberg. In response to questions by defense counsel, Mr. Rosenberg relied on the record in this case as evidence of the fact that his actions were not reckless and that the case against Defendant was not objectively frivolous. [DE 69, p. 70]. Mr. Rosenberg also testified that he believed the fact that other Black employees of Defendant had also filed EEOC charges asserting race discrimination lent "support and context" to Plaintiff's claim. [*Id.* at pp. 59, 62]. Plaintiff called no witnesses. At the end of the evidentiary hearing, the Court allowed the parties ten days to file supplemental briefs addressing whether Defendant had satisfied the procedural requirements of Rule 11 and section 57.105, and further allowed Plaintiff ten days to file an affidavit setting forth his financial ability to pay. [DE 69, pp. 72–3]. Defendant filed a Supplemental Memorandum of Law Addressing Procedural Issues Raised at November 10, 2008 Evidentiary Hearing. [DE 68].

## II. Analysis

### A. Defendant's Motion for Sanctions Against Plaintiff's Counsel [DE 53]

Defendant seeks sanctions against Plaintiff's counsel pursuant to 28 U.S.C. § 1927,

Federal Rule of Civil Procedure 11, and Florida Statute section 57.105. [DE 53]. For the reasons set forth below, this Court recommends granting in part the sanctions sought under § 1927, and denying sanctions under Rule 11 and section 57.105.

### 1. Section 1927

It is well-established that 28 U.S.C. § 1927 is not a catch-all provision for sanctioning objectionable conduct by counsel. *Peterson v. BMI Refractories,* 124 F.3d 1386, 1396 (11th Cir.1997). Rather, to impose sanctions pursuant to § 1927, the court must find three conditions: (1) the attorney must have engaged in unreasonable and vexatious conduct; (2) that conduct must have multiplied the proceedings, and (3) the dollar amount of the sanction must bear a financial nexus to the excess proceedings. In other words, the sanction may not exceed the costs, expenses and attorneys' fees reasonably incurred because of the sanctionable conduct. *Hudson v. Int'l Computer Negotiations, Inc.,* 499 F.3d 1252, 1262 (11th Cir.2007). "[T]he provisions of § 1927, being penal in nature, must be strictly construed." *Peterson,* 124 F.3d at 1395.

Bad faith is the touchstone for the imposition of sanctions under § 1927 and it is measured by the attorneys' objective conduct. *Amlong & Amlong v. Denny's, Inc.,* 500 F.3d 1230, 1239–40 (11th Cir.2007). An attorney litigates in an objective bad faith under § 1927 when he knowingly or recklessly pursues a frivolous claim, delaying its dismissal by unreasonably and vexatiously multiplying the proceedings. *Amlong,* 500 F.3d at 1242; *Schwartz v. Millon Air, Inc.,* 341 F.3d 1220, 1225 (11th Cir.2003). The claim must be more than merely lacking in mer-

---

4. The transcript of that hearing has been filed with the Court. [DE 69].

it, it must be without a plausible legal or factual basis and lacking in justification. *Amlong,* 500 F.3d at 1264 (Hill, J., dissenting). Claims are frivolous where they are: (1) groundless and baseless and predicated upon untruthful, outrageous, scandalous and slanderous allegations, (2) based upon false and unsupported allegations, (3) unsupported by any evidence at all or having no reasonable basis in fact. *Id.*

Defendant focuses on four acts by Plaintiff's counsel that it argues were reckless, and unreasonably and vexatiously multiplied these proceedings: (1) Plaintiff's failure to dismiss the action with prejudice once his deposition was taken; (2) Plaintiff's withdrawal of his motion to dismiss without prejudice; (3) Plaintiff's continued litigation of the action after that point; and (4) Plaintiff's filing a motion for reconsideration of the order granting summary judgment for Defendant. [DE 53, p. 11]. The Court will consider each in turn.

■ Plaintiff's failure to dismiss the action with prejudice after his deposition will not support sanctions under § 1927. Plaintiff did attempt to dismiss this action without prejudice after he was deposed. His reason for asking to do so—that he held out hope that Olga Chatters would become available as a witness and provide supporting testimony—was not unreasonable and vexatious. If Defendant had not opposed the motion to dismiss, this action surely would have ended in September 2008 and without the power to subpoena Ms. Chatters once the litigation concluded, it is questionable whether Plaintiff would have ever gotten Ms. Chatters' sworn testimony. And, if he had, given its marginal value, it is pure speculation whether Plaintiff would have refiled his lawsuit.

Nor did Plaintiff's withdrawal of his motion to dismiss, after Defendant filed its opposition, violate § 1927. Defendant's argument here is premised on the belief that the motion to dismiss was frivolous and Plaintiff's counsel, by forcing Defendant to file a response, unreasonably and vexatiously multiplied the proceedings. However, as already noted, the motion to dismiss was not frivolous. Moreover, the Court cannot overlook the Defendant's suggestion in its opposition to the motion to dismiss, that, as an alternative to dismissal without prejudice, the Court could require Plaintiff to continue with discovery in order to resolve the case. Defendant should not ask this Court to sanction Plaintiff's counsel for following the alternate course Defendant suggested. [DE 18, p. 4, DE 69, p. 54].

Defendant makes a third argument that has more merit, that after the Chatter's deposition Plaintiff's counsel should have recognized that his claim was frivolous and he should have dismissed the complaint at that point. Defendant argues that Plaintiff's counsel acted with objective bad faith when he recklessly pursued his claim, thereby forcing Defendant to file a motion for summary judgment. The Court has carefully considered this argument and concludes that it too does not establish the objective bad faith necessary to impose sanctions under § 1927.

In his response to the Defendant's summary judgment motion, Plaintiff established three of the four elements of his prima facie case and, as to the fourth element, Plaintiff disputed Defendant's characterization of Chatter's testimony regarding the assumption of Plaintiff's duties after his demotion. Plaintiff's counsel relied on a Fifth Circuit case that held that a plaintiff made a prima facie showing of racial discrimination when the plaintiff was demoted and his position eliminated, but

his job duties were assumed by other employees outside of the protected class. [DE 40, p. 7] (citing *La Pierre v. Benson Nissan, Inc.*, 86 F.3d 444, 449 (5th Cir. 1996)). Plaintiff also cited to Eleventh Circuit law that holds that the fact that Plaintiff was demoted by the same person who promoted him—a fact Defendant has stressed in its sanctions motion as reason to conclude that Plaintiff should have known from the beginning that his claim was completely frivolous—did not per se establish that Defendant acted for non-discriminatory reasons. [DE 40, p. 10] (citing *Williams v. Vitro Services Corp.*, 144 F.3d 1438, 1443, 1446 (11th Cir.1998)).[5]

In sum, while Plaintiff's defense to the summary judgment motion was ultimately unsuccessful, Defendant presented no evidence that Plaintiff's counsel was reckless in making that defense. At bottom, Defendant relies on the fact that summary judgment was entered against Plaintiff; and this is not enough to satisfy the heavy burden required to impose sanctions pursuant to § 1927.

Defendant's final basis for sanctions under § 1927 is Plaintiff's filing of a motion for reconsideration of the order granting Defendant summary judgment. [DE 50]. This Court agrees that the motion for reconsideration lacked any colorable basis, was frivolous and unreasonably and vexatiously multiplied these proceedings. The motion did not address the standard for reconsideration, regurgitated arguments made in opposition to summary judgment and improperly presented new arguments. [*See* DE 62, Order Denying Plaintiff's Motion for Reconsideration]. Thus, this Court recommends that Defendant be awarded the attorneys' fees it reasonably incurred in responding to the motion for reconsideration, as a sanction against Plaintiff's counsel.

Unfortunately, Defendant did not provide the Court with the records of the attorneys' fees spent responding to the motion for reconsideration.[6] [DE 54–2, pp. 20–70]. To avoid further delay in this matter, the Court has reviewed Defendant's eight page opposition to the motion for reconsideration [DE 51] and finds that eight hours is a reasonable amount of time for the preparation of the opposition. Defendant's counsel has provided billing records that show that, in 2008, the lead attorneys on this matter billed their time at hourly rates between $220.00 and $245.00. Using a blended hourly rate of $232.50, for eight hours, this Court recommends that Defendant be awarded attorneys' fees in the amount of **$1,860.00** for the time spent responding to Plaintiff's motion for reconsideration.

## 2. Rule 11

Rule 11 provides for sanctions against counsel who presents to the court a pleading, written motion or other paper that contains claims, defenses or other legal contentions that are not warranted by existing law or by a nonfrivilous argument

---

5. Defendant points out that Plaintiff's counsel acted unreasonably in making a settlement demand of $10,000,000 on January 29, 2008. [DE 53–2, p. 28]. While the Court agrees that this demand was entirely unreasonable, Defendant did not establish that the demand, made after the summary judgment was fully briefed and pending resolution and after mediation had failed, multiplied the proceedings.

6. While the last invoice provided by Defendant is dated May 7, 2008, it only includes professional services rendered for the time period ending March 31, 2008, before the motion for reconsideration. [DE 54–2, p. 20].

for extending, modifying or reversing existing law, or is based on factual contentions that have no evidentiary support or are not likely to have evidentiary support after a reasonable opportunity for further discovery. F.R.C.P. 11(b)(2) and (3), and (c).

Rule 11(c) sets forth the procedural requirements for seeking Rule 11 sanctions. A motion for sanctions must be made separately and "must describe the specific conduct that allegedly violated Rule 11(b)." F.R.C.P. 11(c)(2). The motion must then be served on opposing counsel, but may be filed with the court only if, within 21 days of the date of service, the challenged paper, claim, defense or denial is not withdrawn. *Id.* Recently, the Eleventh Circuit has held that "the service and filing of a motion for sanctions must occur prior to final judgment or judicial rejection of the offending motion. Any argument to the contrary renders the safe harbor provision a mere formality" *Gwynn v. Walker,* 532 F.3d 1304, 1309 (11th Cir.2008) (citation and quotation marks omitted).[7] Here, Defendant did not file its motion for sanctions until after the Court granted summary judgment and entered final judgment in its favor, in contravention of *Walker.*

Defendant also failed to properly serve the motion. The "draft" motion for sanctions served on Plaintiff's counsel in August 2007 consisted of five pages of case law setting forth the standard for sanctions under Rule 11 and Florida Statute section 57.105, a general statement that the complaint was frivolous, and a statement that "in its accompanying Motion for Fees and Costs, Defendant demonstrates that Plaintiff's complaint was frivolous." [DE 53–2, p. 2]. However, no accompanying Motion for Fees and Costs was served on Plaintiff's counsel with the draft motion.

██ In contrast, the motion for sanctions now before the Court is 14 pages long and contains numerous facts and arguments not raised in the draft motion. For example, in the factual section of the motion for sanctions, Defendant devotes three and half pages to events which took place *after* Plaintiff's counsel was served with the draft motion. [DE 53–1, pp. 3–6]. In the argument section, Defendant relies on these post-draft motion events to make new arguments in support of its contention that Plaintiff's actions are sanctionable. [DE 53–1, pp. 9–12]. Moreover, the filed motion for sanctions also incorporates Defendant's motion for fees and costs [DE 54], which was filed at the same time as the Motion for Sanctions, but not, as noted above, provided with the draft motion.

Because of the penal nature of the Rule, the procedural requirements of Rule 11 are strictly construed. *Miller v. Relation-Serve, Inc.,* No. 05–61944–CIV, 2006 WL 5849318, at *6 (S.D.Fla. Dec. 1, 2006). By its plain language, Rule 11 requires a movant to file and serve *the same* sanctions

---

7. Defendant's contention that the holding in *Walker* conflicts with *Baker v. Alderman,* 158 F.3d 516 (11th Cir.1998), which holds that a motion for Rule 11 sanctions is timely when filed 30 days after entry of judgment, is meritless. [DE 68, p. 3]. *Baker* was decided under the pre–1993 version of Rule 11, which did not include the safe-harbor provision. *Baker,* 158 F.3d at 522 n. 24. Defendant's reliance on *Saldibar v. Delray One, Inc.,* No. 07–80608–

Civ–Ryskamp, 2008 WL 3540518, *2, 2008 U.S. Dist. LEXIS 61470, *5 (S.D.Fla. Aug. 12, 2008) is equally unavailing. [DE 68, p. 3]. Although the order in *Saldibar* was issued after *Walker,* a review of the docket in *Saldibar* shows that the briefing on the Rule 11 Motion was completed prior to the issuance of the opinion in *Walker,* and the parties failed to bring *Walker* to the Court's attention.

motion.[8] *In re Kirk–Murphy Holding, Inc.*, 313 B.R. 918, 921 (N.D.Fla.2004) (when interpreting bankruptcy rule 9011, which is identical to Rule 11, court states that "sanctions are to be initiated by motion, and served upon the offending party 21 days prior to filing the same sanctions motion with the court.") (emphasis supplied). Contrary to the requirements of Rule 11, the motion for sanctions Defendant filed was substantially different from the draft motion served on Plaintiff's counsel. Because it filed its motion after the final judgment and failed to serve and file the same motion, Defendant failed to satisfy the procedural requirements of Rule 11 and its request for Rule 11 sanctions should be denied for these two reasons.

Defendant, furthermore, has not established an entitlement to sanctions, on the merits, under Rule 11. After being served with the draft motion for sanctions, Plaintiff attempted to avail himself of the safe harbor provision by moving to dismiss the complaint without prejudice, only to have Defendant oppose this. This Court finds Defendant's actions to be contrary to the purpose of the safe harbor provision, to allow a party to avoid sanctions by withdrawing or correcting the challenged document. *Walker*, 532 F.3d at 1308.

Defendant contends that because the Rule 11 letter asked Plaintiff to dismiss the action with prejudice, any lesser action (such as dismissal without prejudice) could not satisfy the Rule 11 safe harbor provision. Defendant, however, presents no support for this position. The safe harbor protection of Rule 11 is available to a litigant who "withdraws" the offending paper. F.R.C.P. 11(c). The Rule does not authorize the movant to place conditions on the withdrawal or require the withdrawal to be with prejudice, in order for the non-movant to avoid sanctions.[9] Moreover, as discussed above, Defendant has not shown that Plaintiff's claims were objectively frivolous.

Defendant's request for sanctions pursuant to Rule 11 should be denied.

### 3. Section 57.105

Florida Statute section 57.105 provides for the award of a reasonable attorneys' fee against both the losing party and his counsel on any claim or defense that the losing party or his counsel knew was not supported by material facts or was not supported by existing law.[10] Fla. Stat. § 57.105(1). Like Rule 11, section 57.105 contains a safe harbor provision that re-

---

8. The two cases cited by Defendant do not support its position. In *Ideal Instr. v. Rivard Instr., Inc.*, 243 F.R.D. 322 (N.D.Iowa 2007), the court applies Eighth Circuit law to hold that the served motion need not be identical to the filed motion. In that case, unlike here, both motions asserted the same grounds for relief and the filed motion actually *narrowed* the relief sought. *Id.* at 334, 339. The Seventh Circuit in *Nisenbaum v. Milwaukee County*, 333 F.3d 804 (7th Cir.2003), without citing any authority, excused as a technicality the movant's service of a letter, rather than the motion, under Rule 11. Once again, unlike in this case, the letter appears to have set forth the identical grounds for sanctions as were ultimately relied on in the filed motion. Neither case addresses the issue in the con-

text of the strict standard applied in this Circuit.

9. Had Plaintiff refiled his action after a voluntary dismissal, Defendant could have then sought its costs for this action, and a stay until those costs were paid, pursuant to Federal Rule of Civil Procedure 41(d).

10. In its Verified Motion to Tax Costs and Attorneys' Fees Against Plaintiff [DE 54], Defendant also seeks sanctions against Plaintiff pursuant to Florida Statute section 57.105. For the reasons set forth below, this claim should also be denied.

quires that "[a] motion by a party seeking sanctions under this section must be served but may not be filed with or presented to the court unless, within 21 days after service of the motion, the challenged paper, claim defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Fla. Stat. § 57.105(4).

Florida courts strictly construe statutes, such as section 57.105, that authorize the award of attorneys' fees in derogation of the common law. *Sunshine Boating Center, Inc. v. Heuer*, 709 So.2d 625, 626 (Fla. 4th DCA 1998). The plain language of the statute (the party seeking sanctions must serve *a* motion and then files *the* motion) makes clear that the served motion and the filed motion must be the same. As set forth above, the motion for sanctions filed with the Court was substantially different than the motion served on Plaintiff's counsel. Therefore, Defendant failed to satisfy the procedural requirements of section 57.105 and its request for fees pursuant to that statute should be denied for this reason.

Even if Defendant had met the procedural requirements of 57.105, it could not prevail on the merits. The court shall award attorneys' fees under section 57.105 only where there is an absence of a justiciable issue of either law or fact. *Visoly v. Security Pac. Credit Corp.*, 768 So.2d 482, 489 (Fla. 3rd DCA 2000). For the reasons set forth above, the Court finds that Defendant has failed to meet this standard.

### B. Defendant's Motion for Fees and Costs Against Plaintiff [DE 54]

Defendant seeks to recover its fees and costs against Plaintiff pursuant to Federal Rule of Civil Procedure 54, Local Rule 7.3, 42 U.S.C. § 2000e–5(k),[11] Florida Statute section 760.11(5) and Florida Statute section 57.105.[12]

### 1. Florida Statute section 760.11(5)

The Florida Civil Rights Act, the statute under which Plaintiff brought his claim, provides that "[i]n any action or proceeding under this subsection, the court, in its discretion, may allow the prevailing party a reasonable attorneys' fee as part of the costs." Fla. Stat. § 760.11(5). Florida courts have interpreted this statute as granting a court discretionary authority to award reasonable attorneys' fees under the guidelines typically used for actions brought pursuant to Title VII of the Civil Rights Act of 1964. *Yoder Brothers, Inc. v. Weygant*, 973 So.2d 625, 626 (Fla. 2d DCA 2008).

Specifically, "a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). This standard is a stringent one and plaintiff's claims "should not be considered groundless or without foundation for the purpose of awarding of fees to a prevailing defendant when the claims are meritorious enough to receive careful attention and review." *Walker v. NationsBank of Florida*, 53 F.3d 1548, 1559 (11th Cir.1995) (citing *Busby v. City of Orlando*, 931 F.2d 764, 787 (11th Cir. 1991)).

---

**11.** Although Defendant's cites § 2000e–5(k) as a basis for recovery, Plaintiff did not bring a discrimination claim under the federal statute and therefore, this statute does not allow for the recovery of fees here.

**12.** *See, supra,* n. 10.

In evaluating a defendant's claim for fees under § 1988, the court should consider whether (1) the plaintiffs established a *prima facie* case, (2) defendant offered to settle and (3) the trial court dismissed the case prior to trial, or held a full-blown trial on the merits. *Head v. Medford*, 62 F.3d 351, 356 (11th Cir.1995). However, these factors are only general guidelines; "determinations regarding frivolity are to be made on a case-by-case basis." *Sullivan v. School Bd. of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir.1985). The Eleventh Circuit has sustained findings of frivolity "when either a motion for summary judgment or a motion for involuntary dismissal ... has been granted in instances where plaintiffs did not introduce *any* evidence to support their claim." *Head*, 62 F.3d at 355. (emphasis in original)

█ Viewing this action as a whole, the Court finds that Defendant has failed to demonstrate that it is entitled to attorneys' fees under the FCRA. While Plaintiff ultimately was unable to prove a prima facie case, he introduced evidence supporting three of the four elements. And, as discussed above, Plaintiff's argument regarding the fourth element, replacement by a person outside the protected class, while weak, was not frivolous.

Moreover, Defendant's contention that Plaintiff's claim was frivolous because "Plaintiff simply ignored the fact that the person who made the decision to demote Plaintiff was the same decision-maker who had ordered his promotion ...." is untrue. [DE 54, p. 14]. In his response to the motion for summary judgment, Plaintiff addressed this issue by citing the controlling Eleventh Circuit case law that found that the fact that the same actor both promoted and demoted an individual did not *per se* establish a lack of discriminatory intent. [DE 40, p. 10]. Simply put, the fact that Plaintiff was promoted and demoted by the same actor did not render his claim per se frivolous.[13]

Thus, Defendant has failed to meet the stringent standard for an award of fees to a defendant under section 760.11(5) and the Court recommends that the Motion for Fees pursuant to section 760.11(5) be denied.

## 2. Costs

Defendant seeks to recover its costs against Plaintiff as a prevailing party pursuant to Federal Rule of Civil Procedure 54(b) and 28 U.S.C. § 1920. Rule 54(d) provides that a prevailing party is entitled to costs as a matter of course, while 28 U.S.C. § 1920 enumerates the costs that may be taxed. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–2, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987); *Maris Distributing Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir.2002) (noting that the court "abuses its discretion if it awards costs pursuant to Fed.R.Civ.P. 54 in excess of those permitted by Congress under 28 U.S.C. § 1920"). Here, Defendant is undisputedly the prevailing party, so the only issue is the amount of the costs Defendant is entitled to recover.

### a. Fees of the clerk for removal

Defendant seeks to recover $350.00 in fees paid to the clerk for removal of this

---

**13.** Even if this Court were to find that, after Plaintiff's deposition, it became clear that Plaintiff's claim was objectively groundless, this Court would recommend, in the exercise of its discretion under section 760.11(5), the denial of Defendant's request for fees. The Court finds that Defendant's own actions in opposing Plaintiff's voluntary dismissal after the Plaintiff's deposition extended the life of this litigation and resulted in the expenditure of the fees Defendant is now seeking to recover.

action. [DE 55, p. 2]. Recovery of fees of the clerk, including the fee for removal, is authorized under 28 U.S.C. § 1920(1). *Newman v. Housing Auth. of City of Ft. Lauderdale,* No. 06–60359 CIV, 2007 WL 315098, *2 (S.D.Fla. Jan. 31, 2007) ("a removal fee is unquestionably a fee of the clerk"). Thus, Defendant may recover $350.00 in fees paid to the clerk to remove this action.

**b. Fees for service of subpoenas**

Defendant is entitled to recover private process server fees. *See For Play Limited v. Bow To Stern Main., Inc.,* No. 05–22002–CIV–KING, 2006 WL 3662339, at *12 (S.D.Fla. Nov. 6, 2006). Defendant seeks to recover $160.00 in costs for service of subpoenas on Plaintiff's past and prospective employers. Plaintiff does not challenge the necessity for, or amount of, these subpoenas. Defendant may recover $160.00 in fees for service of subpoenas.

**c. Fees for court reporter and transcripts**

Defendant seeks to recover $2,023.00 in costs for the depositions of Plaintiff and Olga Chatters. Taxation of deposition costs is authorized by § 1920(2), so long as the depositions were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *United States Equal Employment Opportunity Comm. v. W & O, Inc.,* 213 F.3d 600, 620–21 (11th Cir.2000). Depositions of parties, depositions relied on at summary judgment and depositions of witnesses identified on the opposing parties' witness list are generally taxable. *Id.* at 621–622. Both Plaintiff's and Chatters' depositions were relied on at summary judgment and thus, the costs of these depositions is generally recoverable. However, certain costs related to the depositions are not recoverable under § 1920.

Defendant seeks $30.00 for a CD of Plaintiff's deposition and $25.00 for a CD–ROM/mini transcript of Olga Chatters' deposition. The cost of mini-transcripts and ASCII transcripts, in addition to regular transcripts, are generally not recoverable absent a showing that they were necessarily obtained for use in the case rather than for the convenience of counsel. *See Johnson v. Comm. Supply Corp.,* 2006 No. 05–60510–CIV, 2006 WL 3709620, *2 (S.D.Fla. Dec. 14, 2006). Defendants have not made this showing and therefore these amounts are not recoverable.

█ Defendant also seeks $44.70 for copies of the exhibits to Plaintiff's deposition. Copying costs are recoverable under § 1920(4) if the copies were necessarily obtained for use in the case. *See For Play,* 2006 WL 3662339, at *10. The prevailing party cannot recover for copies made merely for counsel's convenience and the burden rests on the prevailing party to show the requested costs are recoverable. *Id.* Presumably, Defendant possessed copies of the exhibits used at their deposition of Plaintiff. Defendant has not carried its burden to show that the costs for additional copies of the deposition exhibits from the court reporter were necessarily obtained for use in the case, rather than for counsel's convenience. Thus, this amount is disallowed.

Defendant also seeks to recover $32.00 in shipping and handling costs for Plaintiff's deposition and $25.00 in shipping and handling for Chatters' deposition. [DE 55–2, pp. 2–3]. Shipping and handling charges by the stenographer are not taxable. *See United States v. Davis,* 87 F.Supp.2d 82, 90 (D.R.I.2000); *Duckworth v. Whisenant,* 97 F.3d 1393, 1399 (11th Cir.1996) (postage costs "are clearly not recoverable."). These amounts are disal-

lowed and the Court recommends Defendant be awarded **$1,866.30** in deposition costs.

### d. Copying costs

Defendant is seeking a total of $111.68 for in-house photocopying costs and $19.20 for external copying costs for copies of Plaintiff's payroll and personnel records from Miami–Dade County. [DE 54–1, pp. 8–9]. Copying costs are recoverable under § 1920(4) if the copies were necessarily obtained for use in the case. *See For Play*, 2006 WL 3662339, at *10. The prevailing party cannot recover for copies made merely for counsel's convenience and Defendant bears the burden of showing that the copy costs are recoverable. *Id.*

Regarding the in-house copying costs, Defendant does not identify the nature of the copies. [DE 55–2, pp. 11–21]. Some courts, but not all, when provided insufficient information regarding copy costs, have declined to award any costs. For example, the court in *Scelta v. Delicatessen Support Serv., Inc.*, 203 F.Supp.2d 1328, 1340–41 (M.D.Fla.2002) although recognizing that some of the copying costs sought by defendants must be recoverable, held that where defendants "have not described the photocopying costs sufficiently to permit a determination of which photocopies were necessarily obtained for use in this case, reimbursement for photocopying costs is rejected in its entirety." *See also For Play*, 2006 WL 3662339, *11 (where plaintiff submitted no evidence from which the court could determine which copy costs were recoverable, the court held that none of the copying costs were recoverable).

The Court has broad discretion in awarding costs. *Mutual Service Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1326 (11th Cir.2004). Based on Defendant's failure to provide support for its claim that all the in-house copy costs are recoverable under § 1920, but recognizing that some of these copies were "necessarily used" in this litigation, the Court allows recover of 25% of the costs sought., in the amount of $27.92.

Regarding the external copying costs, Defendant filed a receipt from Miami–Dade County for $19.20 for the cost of copying Plaintiff's payroll and personnel records [DE 55–2, p. 23] and represents that these records were necessary for defending against Plaintiff's claim. [DE 54–1, p. 9]. Plaintiff does not challenge that representation. Thus, this Court recommends that Defendant recover **$47.12** in total copying costs.

Based on the foregoing, this Court recommends that Defendant be awarded **$2,423.42** in total costs.

### III. Recommendations

Based on the foregoing, this Court recommends that Defendant's Motion for Sanctions Against Plaintiff's Counsel [DE 53] be **GRANTED IN PART** and Defendant be awarded **$1,860.00** in attorneys' fees as a sanction against Plaintiff's counsel Erwin Rosenberg. This Court also recommends that Defendant's Verified Motion to Tax Costs and Attorneys' Fees Against Plaintiff [DE 54] and Bill of Costs [DE 55] be **GRANTED IN PART** and Defendant be awarded **$2,423.42** in costs against Plaintiff, Tarence Robinson.

### IV. Objections

The parties may file written objections to this Report and Recommendation with the Honorable Alan S. Gold **no later than March 20, 2009**. Failure to timely file objections shall bar the parties from at-

**1356**

tacking on appeal any factual findings contained herein. *RTC v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir.1993); *LoConte v. Dugger,* 847 F.2d 745, 749–50(11th Cir.1988).

RESPECTFULLY RECOMMENDED in chambers at Miami, Florida this 10th day of March, 2009.